KIRBY LUMBER COMPANY v. NORA J. CHAMBERS ET AL.

Decided February 12, 1906.

**1.—Preparation of Appeal for Submission—Observance of the Rules.**

Where. appellants fail to observe the rules prescribed for the submission of their cases on appeal, the assignments of error will not be considered. See this case for numerous and various violations of said rules.

**2.—Joinder of Causes of Action.**

Plaintiff sued upon an unpaid draft given by the defendant in compromise and settlement of her claim against it for the negligent killing of her husband, and prayed in the alternative that if she was denied a recovery upon the draft that she recover on her original cause of action for herself and her minor children. Held, there was no misjoinder of parties or causes of action, and a plea in abatement was properly overruled.

**3.—Damages—Prospective Promotion—Rebutting Evidence.**

Plaintiff introduced testimony in support of her claim for damages, based upon the prospective promotion of her husband and increased salary. To rebut this, defendant offered evidence tending to show that previous to his employment by defendant deceased had been charged with embezzlement in Louisiana. Held, the evidence in rebuttal was properly excluded.

**4.—Answer to Interrogatory—Motion to Exclude—When too Late.**

Where depositions have been on file some time, subject to inspection by the parties, and an answer of the witness to a direct interrogatory is read to the jury without objection, a motion afterwards made to exclude said answer on the ground that the answer of said witness to a cross–interrogatory showed that the first answer was based upon hearsay, is properly overruled as coming too late.

**5.—Dangerous Position—Contributory Negligence.**

Where the petition alleged that the .position occupied by deceased on the footboard of the engine was not only customary but was necessary in the discharge of his duties, and that he was properly upon the footboard in the discharge of his duties to appellant at the time of the accident, an exception to the allegation of custom was properly overruled.

**6.—Death by Wrongful Act—Liability.**

An exception to plaintiff's . petition on the ground that it did not appear therefrom that defendant was a common carrier was properly overruled. The petition charged that the death of deceased was caused by the negligence of defendant, and this was sufficient under subdivision 2 of article 3017 of the Revised Statutes.

**7.—Negligence—Foreseeing Accident.**

It was not necessary to defendant's liability that it should have foreseen or anticipated the exact occurrence which caused the accident. It was enough that it might reasonably have anticipated an accident of like nature as the result of its negligence.

**8.—Employe—Neglect of Duty—Recovery.**

An employe can not recover damages for personal injuries resulting from his own neglect of duty.

**9.—Uncontroverted Evidence—Submission of Issue not Necessary.**

Because the uncontroverted evidence showed that deceased was properly upon the footboard of the engine in the discharge of his duties at the time of the accident, it was not necessary for the court. to submit such issue to the jury.

**10.—Obvious Defects not Notice of Danger.**

While it might have been true that the track used by deceased was obviously defective, it does not necessarily follow, under the evidence in this case, that the danger in riding over it was obvious; and the finding of the jury that the danger was not known to deceased should not be disturbed.

Appeal from the District Court of Jefferson County. Tried below before Hon. A. T. Watts.

*Andrews, Ball & Streetman, O'Brien, John & O'Brien* and *Oliver J. Todd,* for appellant.—There was a misjoiner of causes of action in plaintiff's petition, because one was an action in tort and the other an action in contract and they arose out of different transactions. Stewart v. Gordon, 65 Texas, 344; Frey v. Fort Worth & R. G. Ry. Co., 86 Texas, 466, 25 S. W. Rep., 609; Skipwith v. Hurt, 58 S. W. Rep., 193; Coutlett v. U. S. Mortgage Co., 60 S. W. Rep., 817; Perry Common Law Pleading, 110; Abbott's Trial Brief on Pleadings, p. 752; 1 Enc., 194.

The causes of action were improperly joined because the parties suing upon the contract are not identical with those suing upon the tort; and there is, therefore, such a diversity of parties which creates a misjoiner. Stewart v. Gordon, 65 Texas, 344; Missouri, K. & T. R. R. Co. of Texas v. Starr, 55 S. W. Rep., 393; Hays v. Perkins, 54 S. W. Rep., 1071; Hartford Fire Ins. Co. v. Post, 62 S. W. Rep., 141; White v. Preston, 15 S. W. Rep., 712; Encyclopaedia of Pleading and Practice, vol. 1, p. 209; Abbott's Trial Brief—Pleading, vol. 1, pp. 771 and 772; Pomeroy's Code Remedies, p. 444, sec. 332.

There was a misjoiner of actions because the pleadings and the proof necessary to prove one cause of action was wholly inadmissible to establish the other, and said actions differ in their nature; and no time or expense was saved by trying them together, but on the contrary, the mind of the jury was prejudiced and a fair trial upon either issue was absolutely impossible. United States v. "The Haytian Republic," 154 U. S., 125; Germania Fire Ins. Co. v. Boykin, 12 Wall., 439.

The actions were improperly joined because the allegations of one are inconsistent with the allegations of the other. Chevalier v. Rusk, Dallam, 613; Taylor Cotton Seed Oil & Gin Co. v. Pumphrey, 32 S. W. Rep., 225; Henderson v. Boyd (Tenn.), 1 S. W. Rep., 498; Encyclopaedia Pleading and Practice, vol. 1, p. 166; Encyclopaedia Pleading and Practice, vol. 1, p. 183; Rowe v. Horton, 65 Texas, 92; Barry v. Screwman's Association, 67 Texas, 254; Walker v. Howard, 34 Texas, 478.

Appellant had a right to have the real issue involved in the case tried without the introduction of illegal evidence of an offer of compromise and the instruction given by the court did not operate to cure the error in admitting said illegal testimony. Waul v. Hardie, 17 Texas, 558; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 551; Tucker v. Hamlin, 60 Texas, 175; McCauley v. Long, 61 Texas, 80; Smith v. Caswell, 67 Texas, 576.

Failure to answer or an evasive answer to a material cross interrogatory is ground for suppressing a deposition and it was reversible error in the trial court to refuse to suppress the deposition in question. New York, T. & M. R. R. Co. v. Green, 90 Texas, 263, 38 S. W. Rep., 32;

M. C. Lee & Co. v. Stowe, 57 Texas, 444; Coleman v. Colgate, 69 Texas, 90, S. W. Rep., 557.

Proof of the salary of a superior officer or employe of a company is inadmissible, unless it is shown that in reasonable probability the decedent would have held said position. Galveston, H. & S. A. R. R. Co. v. Ford, 46 S. W. Rep., 77; Houston & T. C. R. R. Co. v. Gee, 66 S. W. Rep., 78; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72, 33 S. W. Rep., 334; Shearman and Redfield on Negligence, par. 743.

When evidence given upon direct examination is shown upon cross examination to be hearsay, it is error for the court upon motion, to refuse to withdraw direct hearsay testimony from the jury. Tyler S. E. Ry. Co. v. Hitchins, 63 S. W. Rep., 1069; Bounds v. Little, 75 Texas, 320, 12 S. W. Rep., 1109.

In an action for death where future earnings of decedent are set up as a part of the damages, any evidence with reference to the physical, mental or moral makeup of the decedent which throws any light on what would have been his future earnings is admissible. Houston & T. C. R. R. Co. v. Cowser, 57 Texas, 304; International & G. N. R. R. Co. v. Kuehn, 21 S. W. Rep., 61; Standlee v. St. Louis S. W. R. R. Co., 60 S. W. Rep., 781; Hall v. Galveston, H. & S. A. R. R. Co., 39 Fed. Rep., 18; Kingston v. Fort Wayne & Elmwood R. R. Co., 40 Law Rep. Ann., 131; Sutherland on Damages, par. 1268; 13 Cyc., p. 196; 13 Cyc., p. 354.

The custom of Fred E. Chambers and other yard foremen in riding on the footboard was immaterial to this case. Missouri, K. & T. Ry. Co. v. Johnson, 92 Texas, 380, 48 S. W. Rep., 568; St. Louis S. W. R. R. Co. v. Spivey, 76 S. W. Rep., 748; Texas & P. Ry. Co. v. Frank, 88 S. W. Rep., 383.

And plaintiffs' petition is further insufficient in this, that it appears therefrom that the accident and death of plaintiffs' decedent, was caused by the sliding of the track, and it does not appear that this is a usual or ordinary occurrence; or one which the defendant in the use of ordinary care, would foresee; but if plaintiffs' allegation is true, then the accident complained of was wholly accidental and the facts pleaded show no negligence on the part of the defendant, and show no facts that would make the defendant liable, and shows as a matter of fact that it was not negligence. For allegations of petition see record, pages 6 and 7. Ward v. Bonner, 80 Texas, 168; Trinity County Lumber Co. v. Denham, 85 Texas, 56, 19 S. W. Rep., 1012; Quintana v. Consolidated Kansas City Smelting & Refining Co., 37 S. W. Rep., 369; Broadway v. San Antonio Gas Co., 60 S. W. Rep., 2070; Labatt on Master and Servant, par. 12; Cooley on Torts, p. 800.

A cause of action caused by the negligence of the agents or servants of a saw mill company operating a tram road for his own exclusive use and in connection with a saw mill business, causing the death of a servant of said saw mill company, will not survive in favor of the representative of said deceased servant under the statutes of the State of Texas. Hendrix v. Walton, 6 S. W. Rep., 749; Searight v. City of Austin, 42 S. W. Rep., 857; Ritz v. City of Austin, 20 S. W. Rep., 1029; Turner v. Cross, 83 Texas, 218, 18 S. W. Rep., 578; Hargrave v. Vaughn, 82 Texas, 347, 18 S. W. Rep., 695; Parker v. Dupree, 67 S.

W. Rep., 185; Missouri, K. & T. Ry. Co. of Texas v. Freeman, 79 S. W. Rep., 9; Fisher v. Texas Telephone Co., 79 S. W. Rep., 50; Lipscomb v. Houston & T. C. Ry. Co., 95 Texas, 5, 64 S. W. Rep., 923.

The court should, when requested, give a special instruction limiting the testimony to its proper legal sphere.    Smyth v. Caswell, 67 Texas, 577; Giddings v. Baker, 80 Texas, 316; Howell v. Handrick, 88 Texas, 383; Goodbar v. City Nat. Bank of Sulphur Springs, 78 Texas, 461.

Contributory negligence in order to be a bar need only to have contributed proximately to the injury, and it was error for the court to charge that said contributory negligence must have been the proximate cause of the injury; and it was also error to refuse to give a special instruction embodying a correct statement of the law upon this subject. Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365, 38 S. W. Rep., 756; Galveston, H. & S. A. Ry. Co. v. Hubbard, 70 S. W. Rep., 112; Childress v. Smith, 90 Texas, 610, 40 S. W. Rep., 386; Martin v. Texas & P. Ry. Co., 87 Texas, 119, 26 S. W. Rep., 1052; Galveston, H. & S. A. Ry. Co. v. Gormley, 35 S. W. Rep., 489; Shearman & Redfield on Negligence, par. 61.

Irrespective of the absolute knowledge and warnings which the uncontradicted testimony shows to have been given to Chambers relative to this particular defect and the danger thereof, the testimony of the case shows that the conditions causing his death were of such an obvious and open nature that he must have known of same, and are of such a nature that he would be charged as a matter of law with knowledge of them.    Crawford v. Houston & T. C. Ry. Co., 89 Texas, 94, 33 S. W. Rep., 534; Missouri, K. & T. Ry. Co. v. Thompson, 33 S. W. Rep., 718; Missouri Pacific v. Somers, 71 Texas, 701, 9 S. W. Rep., 741; Ladonia Cotton Oil Co. v. Shaw, 65 S. W. Rep., 693; San Antonio Sewer Pipe Co. v. Noll, 83 S. W. Rep., 900; Green v. Cross, 79 Texas, 132, 15 S. W. Rep., 220; Rogers v. Galveston City Ry. Co., 76 Texas, 505, 13 S. W. Rep., 540; Hopkins Bridge Co. v. Burnett, 85 Texas, 21, 19 S. W. Rep., 186; Industrial Lumber Co. v. Johnson, 55 S. W. Rep., 362; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 734, 2 S. W. Rep., 595; Missouri Pac. Ry Co. v. Watts, 63 Texas, 549; Watson v. Houston & T. C. Ry. Co., 58 Texas, 434; Randall v. Baltimore & Ohio Ry. Co., 109 U. S., 478, 27 L. Ed., 1005; Baltimore P. Ry. Co. v. Jones, 95 U. S., 439, 24 L. Ed., 506; Kohn v. McNulta, 147 U. S., 238, 37 L. Ed., 150; Shearman & Redfield on Negligence, par. 185; Cooley on Torts, p. 634; Labatt on Master and Servant, par. 278 B; Bailey's Personal Injuries, par. 539 et seq.

The charging of jury to disregard evidence improperly introduced does not cure the error.    Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 542; Tucker v. Hamlin, 60 Texas, 171; Texas & P. Ry. Co. v. Boggs, 30 S. W. Rep., 1089.

A remark made by an attorney which is calculated to prejudice and influence the jury, is ground for new trial.    Leach v. Dodson, 64 Texas, 185; St. Louis & S. W. R. R. Co. v. Boyd, 88 S. W. Rep., 509.

The improper argument of counsel, which is calculated to prejudice the jury, constitutes reversible error, and this, even though the jury are instructed to disregard that portion of argument which is improper.

Western U. Tel. Co. v. Burgess, 60 S. W. Rep., 1023; Leach v. Dodson, 64 Texas, 185.

*Blain, Howth & Adams,* for appellees.

REESE, ASSOCIATE JUSTICE.—Mrs. Nora J. Chambers, widow of Fred E. Chambers, deceased, for herself and as next friend for their minor child, Era N. Chambers, sued the Kirby Lumber Company to recover damages for the death of said Fred E. Chambers alleged to have been caused by the negligence of the defendant company. Mrs. Cynthia Chambers, mother of the deceased, intervened setting up her claim also to damages.

The case was tried before a jury who returned a verdict for the plaintiffs for $10,000 divided as follows: To the widow and child, $4,925 each, and to the mother, $150. Motion for new trial having been overruled the defendant appeals.

It was alleged in the petition that appellant company was a corporation whose main business was the manufacture of lumber, and that in connection with such business it owns and operates a tram railway in and through Jefferson County, Texas; that the said Fred E. Chambers was in the employ of the company as yard boss, and that while engaged in the performance of his duties as such on July 20, 1903, he was killed by the negligence of defendant.

It is further alleged that thereafter on July 27, 1903, defendant sent one D. E. Chapin, its agent, to Muscatine, Iowa, where the plaintiffs were at the time, with full power and authority to compromise and settle the claim of the said Nora J. Chambers against the company growing out of the death of the deceased Chambers, and that in pursuance of said authority a settlement and compromise were made whereby Mrs. Chambers agreed to accept in full settlement of her said claim $5,000, for which amount the said Chapin gave her a draft, signed by himself, on Joe H. Eagle of Houston, Texas, for said amount, and she in consideration thereof executed a release to the appellant company of all claims for damages as aforesaid.

The said Chapin was city sales agent of the company at Beaumont and he signed the draft, D. E. Chapin, C. S. A. Joe H. Eagle was the attorney for the company and head of the claim department. The draft was drawn on Eagle, care of the Kirby Lumber Company. It is alleged that the draft was not paid. Mrs. Chambers seeks to recover the amount of this draft, as her damages, and in the alternative she sues to recover damages for the death of her said husband, alleged to be $12,500, and also as next friend of her daughter to recover the same amount as damages, alleging substantially that her husband had been killed while riding on the footboard attached to the engine then being used and operated by appellant, and while engaged in the performance of his duties as yard boss in appellant's lumber yard at Beaumont. It is alleged that his duties were such as to render it necessary and proper for deceased to ride on the footboard in their due and expeditious performance, and that while so riding he was suddenly thrown from the step or footboard and dragged along the ground causing his death, the immediate cause of the accident being that the footboard caught on the

plank walk of the street by the side of the track while the engine was passing over a low joint in the rails.

It was also alleged that the engine was old, rickety and out of repair, the tires and the flanges of the wheels worn and the journals and journal boxes old and worn, by reason of which there was a lateral motion of several inches which, when the engine struck the low joint caused it to career over towards the plank sidewalk and causing the track to slide, and thus contributing to the accident and consequent injury. It is charged that the appellant was negligent in the matter of the defective engine and the defective track, and the injuries and consequent death of the said Fred E. Chambers were the proximate result of such negligence.

Defendant pleaded in abatement to the action that there was a misjoinder of parties and causes of action arising from the joining in this action the claim based upon the draft with the action for damages as pleaded, and answered further by general demurrer, general denial and numerous special exceptions and special pleas in bar, including pleas of contributory negligence and assumed risk.

The nature of said special exceptions and pleas, so far as is necessary to be referred to, will be hereinafter shown in the consideration of assignments of error based thereon.

We shall not attempt to discuss each of the fifty-three assignments of error presented and urged in appellant's brief. In the manner of presenting many of these assignments there has been such a total disregard of the rules that they will not, and in fact in justice to appellee, ought not to be considered. The rule most conspicuously violated is rule 31 requiring that to each proposition there shall be subjoined "a brief statement in substance of such proceedings, or parts thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, *with a reference to the pages of the record.*" This requirement is not answered by a mere reference to the transcript without any statement, especially in a transcript which contains two hundred and eighty pages.

It is further to be objected to the brief that while the numbers of the assignments of error, as given in the record, are adhered to in the brief, there is no attempt to present them consecutively. (Rule 29.)

Appellant pleaded in abatement the misjoinder of parties and causes of action, which plea was overruled by the court, and the evidence in support of the claim of Mrs. Chambers upon the draft was introduced over objection of appellant. However, when all of the evidence upon this branch of the case had been introduced, and it appeared therefrom that Chapin had executed an agreement, upon the demand of Mrs. Chambers, that if the draft was not paid on presentation the release was to be withdrawn and Mrs. Chambers restored to her right of action for damages, the court withdrew from the jury the consideration of this branch of the case, and in its charge also expressly instructed them that the matter of the settlement and the draft was not an issue before them, and that all of the evidence upon that issue was withdrawn and must not be considered.

There was no error, in the first place, in overruling appellant's plea of misjoinder of parties and causes of action. Under our system of

pleading Mrs Chambers might properly seek to recover on the draft, and, in the event of a denial of her right to such recovery, to recover on her original cause of action. The matters so urged grew out of the same transaction, to wit, the alleged negligent killing of her husband. Neither was it improper to join also in the same suit the claim of the daughter for damages. The mother's claim came in by plea in intervention.

Appellant complains that the effect of this was to get before the jury the evidence of the alleged compromise, and insists that the suit upon the draft was injected into the petition for this purpose. There is nothing in the record that tends to support such a charge. The evidence was connected with the execution of this draft, and was properly introduced to support the claim of Mrs. Chambers thereon. That claim, and the evidence in support thereof, having been eliminated by the verbal directions and written charge of the court, it can not be assumed that this evidence was further considered by the jury. If appellant's argument is sound, it would result that two causes of action which might otherwise properly be joined, could not be so joined if any part of the evidence admissible to support one of them was not admissible as to the other, and might, if considered, influence the verdict of the jury as to the other. We can not agree to this contention. The whole matter of the alleged settlement and the draft having been withdrawn from the jury it is not necessary further to consider the various assignments of error based upon this branch of the case.

It is assigned as error that "the court erred in overruling defendant's general demurrer." This assignment stands alone without a proposition, and for statement appellant refers to the statement under the third assignment, which refers to the release given in connection with the draft as a bar to the right of Mrs. Chambers to recover upon her cause of action for damages. The petition shows that the release was executed in connection with the draft, and that it could not be urged against the alternative remedy sought by Mrs. Chambers. No other ground is urged in support of the general demurrer in the brief, and there was no error in overruling it. This point is also urged by special exception, which was also properly overruled.

Appellant presented a motion to suppress the deposition of B. L. Guinn, a witness for appellee, which was overruled and which ruling is assigned as error. The motion was based upon the failure of the witness to answer certain cross interrogatories and the evasive answers to others. The statement accompanying the assignment refers to the motion which is simply to the effect that the witness had refused to answer or evasively answers cross interrogatories numbered 13, 13a, 13b, 14, 15, 26a, 30, 36 and 37. The statement refers to the witness's testimony as a whole, without pointing out any particular part of it, the testimony covering, as shown by the reference, 27 pages of the record, and contains the further statement that the said cross interrogatories and answers thereto are found on pages 31 and 34 of the record. The bill of exceptions, which is not further referred to than to give the page of the record where it is to be found, is as follows:

"That the defendant presented to the court its motion to suppress the depositions of B. L. Guinn, as more fully appears from said motion

and from the statement of facts, and same being overruled by the court, the defendant then and there excepted to said ruling."

Neither the assignment of errors, the subjoined statement, nor the bill of exceptions shows or pretends to show any of the facts necessary to authorize the suppression of the deposition. It is not every failure to answer cross-interrogatories or evasive answers thereto that will afford sufficient ground for suppression of the entire deposition. Such cross-interrogatories must be material. Appellant contends that the witness was examined as an expert railroad man, having peculiar knowledge and experience as such, and that he testified as such, and that the object of the cross-interrogatories was to test him as to the extent of his experience as a railroad man. There is nothing in the assignment of error, the statement, the bill of exceptions or the motion to suppress that throws any light upon this essential matter of the materiality of the cross-interrogatories, and for this reason the assignment must be overruled. It does appear from the testimony of the witness that he does not testify as an expert, but as a witness to nearly all of the material facts connected with the accident. He testifies upon his own knowledge as to the condition of the track, and of the engine, and of the manner in which the accident occurred, and from his personal knowledge as to Chambers's duties. No part of his testimony required expert knowledge, and no part of it was the opinion of the witness as in the case of New York, T. & M. Ry. v. Green (90 Texas, 263). The length and kind of his experience as a railroad man was not material. He does testify that he has had twenty-seven years' experience, but it does not appear that this was called for by any interrogatory, and it does appear that his testimony is not based upon this experience. If there was any error in the ruling of the court in refusing to suppress the deposition it is not pointed out in the brief, or in the motion to suppress, the bill of exceptions, the assignment of errors or any statement or proposition thereunder.

In reply to an interrogatory addressed to the witness Guinn by appellee, he testified as to the duty of Chambers to inspect or repair the track. "It was not his duty. If it had been it would have been mine." To this answer appellant objected on the ground that the answer showed that it was a conclusion of the witness, was argumentative and showed an absence of actual knowledge on the part of the witness. The court thereupon sustained the objection to that part of the answer as follows: "If it had been, it would have been mine," overruling it as to the first statement, to which appellant excepted, and which is assigned as error, The testimony of the witness shows that he was testifying upon his actual knowledge as to the duties of Chambers. He testified that he knew it to be a fact that Chambers' duties were identical with his own. The witness was night yard foreman and Chambers was day yard foreman. We think the entire answer was admissible. There was no error of which appellant could complain in excluding the last portion of it. Appellant refers to a bill of exceptions in the statement, but we have been unable to find it in the record.

Appellant alleged in its answer that one of the causes of the soft condition of the track at the place of the accident was a broken water main placed there by the city of Beaumont and over which appellant

had no control. Guinn, in answer to an interrogatory of appellees, stated that he had never heard of this broken water main. To this testimony appellant objected as hearsay, and as tending to establish the existence of the water main by general reputation. The objection was overruled. Guinn, in the discharge of his regular duties as night yard foreman, was in the daily habit of going over this piece of track. The evidence was admissible. If not, its admission was harmless, as no attempt appears to have been made to prove the existence of this broken water main.

The testimony referred to in the twenty-sixth and thirtieth assignments of error, and which was admitted over appellant's objection, was offered in support of the claim of appellees to recover damages based upon Chambers's prospect of advancement, and referred to the salary of the superintendent, the next position above that of Chambers in the line of advancement. To rebut this, appellant offered certain evidence tending to show that previous to his employment by appellant, Chambers had been charged with the crime of embezzlement in Louisiana, to which appellee objected, and which objection was sustained. We are clearly of the opinion that this last evidence was properly excluded, but the issue upon which the evidence admitted and excluded was offered was eliminated by the charge of the court wherein the jury were instructed "not to consider the prospective promotion of Chambers had he lived, as that element of damages has been withdrawn from your consideration by consent of the parties." This disposes of all the assignments of error addressed to the ruling of the court upon this point. ·

Appellant's thirty-fourth assignment of error is without merit. Appellees had taken the deposition of C. A. Steinwig, which had been on file for some time before the trial subject to inspection by appellant. To a direct interrogatory, witness answered: "I did not know that Chambers had any experience. I do not think he had any." This was admitted without objection by appellant, so far as the record shows. Afterwards said witness's answer was read in reply to a cross-interrogatory propounded by appellee, as to how he knew that Fred E. Chambers had no experience as a railroad man, the answer being, "All I know is what he told me." . Appellant then moved the court to exclude the answer to the direct interrogatory referred to, on the ground that the answer to the cross-interrogatory showed it to be based on hearsay, which was refused. Appellant knew or should have known when the answer to the direct interrogatory was read that the answer to the cross-interrogatory was as indicated, and should have made the objection then. Having failed to do so, there was no error in refusing to exclude the answer when the motion to do so was made. It would have been different if the witness had been orally examined, in which case the fact that the answer was based upon hearsay would not have developed until he answered the cross-interrogatory. The witness, however, does not pretend to state anything positively with regard to Chambers's experience or inexperience, and the evidence is of the most trivial nature. In the charge to the jury the court eliminated any claim based on this alleged inexperience. It was not an issue in the case.

Appellant's twenty-third assignment can not be considered. The error assigned is as to the testimony of the witness Steinwig. The testimony

referred to in the assignment is not set out in the statement subjoined to the assignment, nor are we referred to the page in the record where the same can be found. Other testimony of this witness is set out from which it is claimed it appears that the testimony objected to was subject to such objection, but the objectionable testimony itself is not referred to or set out. There is a bare statement that "the testimony was admitted over the objection of appellant, was duly excepted to and is here complained of," but no further reference is made to the bill of exceptions nor are we pointed to the page of the record where the same can be found. We can not undertake to hunt through the record to determine whether there is anything in it to sustain an assignment of error thus presented.

The twenty-seventh assignment of error relates also to the action of the court in the admission of evidence. The assignment sets out the substance or rather the character of the objectionable testimony, but the statement contains no reference to the record, for the testimony. In fact the statement only refers to the page of the record where the bill of exceptions is to be found. Referring thereto we find a bill of exceptions which refers to the statement of facts for the answer of the witness objected to. The testimony of this witness fills twenty-five pages of the statement of facts.

Appellant's twenty-ninth assignment of error is subject to the same objection, as well as the thirty-first, thirty-second, thirty-third, and thirty-fifth, and to the additional objections that neither of these assignments is stated as a proposition in itself, nor can they be so stated properly, and there is no proposition stated under either assignment.

The forty-fourth, forty-fifth, forty-sixth, forty-seventh and forty-eighth assignments of error are all addressed to the ruling of the court in excluding evidence relating to a charge of embezzlement in Louisiana hereinbefore referred to, and whatever error there may have been in such ruling, and we must confess we can see none, was eliminated by the action of the court in withdrawing from the jury the issues upon which the evidence was offered. This evidence consisted of certain purported extracts from the grand jury docket of Grant Parish, Louisiana, showing that Fred E. Chambers had been charged with larceny and embezzlement, and also the testimony, by deposition, of Samuel Patterson, to the effect that Chambers had been at one time arrested on this charge and that he had admitted to witness and his attorney "that he had sold some of the Big Creek Lumber Company's lumber and kept the proceeds," and that he was dismissed from the service of the company for this reason. This evidence was offered for the purpose of showing that the prospective earning capacity of Chambers and the resultant damages to appellees was not as great as claimed, and upon the general measure of damages, and also upon the issue of his prospective advancement. The court excluded the evidence as to all issues except the latter, whereupon appellees withdrew and abandoned all claim for damages arising from any prospective advancement in his calling by Chambers, as to which the jury were expressly instructed. The court then excluded the testimony for any purpose. We do not think the evidence was admissible

upon the measure of damages and there was no error in excluding it as stated.

There is no merit in the thirteenth assignment of error. The petition expressly alleges that it was not only customary but necessary for Chambers to ride upon the footboard. The allegations of the petition in this particular were full and specific, to the point that Chambers was at the time of the accident properly upon the footboard in the discharge of his duties as an employe of appellant, and that is all that was necessary upon this point.

None of the assignments of error to the ruling of the court in overruling special exceptions to the petition can be sustained, and are not of a character to require further notice except as hereinafter specifically discussed.

The forty-fifth assignment of error goes to the ruling of the court in admitting certain testimony of the witness John McCormick. It does not appear from the brief of appellant that any bill of exception was taken to this ruling. There is no reference to a bill of exceptions in the assignment or the statement. The statement is otherwise wholly insufficient being a simple (and erroneous) reference to a page of the record for the testimony of the witness, only a part of which appears to have been objected to.

Appellant complains of the action of the court in overruling the seventh special exception to the petition, on the ground that it is not shown that appellant is the "proprietor, owner, hirer, or charterer of any railroads, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers." The suit is not predicated upon the negligence of the agents or servants of defendant, but upon its own negligence, in the performance of a duty which it is alleged it owed to the said Chambers, and which duty it could not delegate or assign to its agents or servants so as to absolve itself from responsibility. It is provided by subdivision 2 of article 3017, Revised Statutes, that when the death of any person is caused by the wrongful act, negligence, unskillfulness or default of another, an action for damages may be brought by those entitled thereto. Under this article a right of action existed in favor of appellees against appellant if the negligence upon which it is predicated was the personal negligence of appellant. The basis of the present action, as alleged in the petition, is the negligence of the appellant, the employer of the said Chambers, in failing to keep the track and the engine in repair, both being appliances of which Chambers was required to make use in the performance of his duties. This was a personal duty of appellant, the master, and could not be delegated to others, or if the duty was delegated the responsibility of the master remained. (Houston & T. C. Ry. v. Dunham, 49 Texas, 188; Burns v. Merchants & Planters Oil Co., 63 S. W. Rep., 1063, citing authorities; Bailey, Master and Servant, 129.)

The charge of the court left no room for the jury to excuse Chambers from the performance of his duty to inspect or repair the track, if they found such to be his duty, on account of his time being taken up with the discharge of his other duties, and it was not error to refuse the special charge requested on this point.

Appellant requested the court to instruct the jury that if they found

that Chambers was injured by the sliding of the track and that appellant by the exercise of ordinary care could not have anticipated such an occurrence, they should find for the defendant. The theory presented by the pleading and evidence on the part of appellees was that the accident was caused by the combined action of the defective engine and the defective track, causing the track to sink and slide throwing the footboard over against the plank sidewalk. It is not necessary to appellant's liability that appellant should have foreseen or anticipated the exact occurrence which caused the accident. It was enough that it might reasonably have anticipated an accident of this nature to occur as the result of the defective track or the defective engine or both combined. (Trinity River Lumber Co. v. Denham, 85 Texas, 60.) The requested charge was properly refused.

The fourth special instruction was properly refused. The jury were specifically instructed that appellees were not entitled to recover if it was the duty of Chambers to inspect the track. The charge of the court on this point is not subject to the objection made to it by appellant in its brief.

There was no issue made as to the competency or incompetency of Chambers to perform his duties. In its charge the court assumes that he was competent and imposed upon him the duty of exercising ordinary care. The special instruction requested upon this point was properly refused.

The sixth special instruction ignored the defective engine as one of the contributing causes to the accident, and was properly refused. (Texas & N. O. Ry. v. Kelly, 80 S. W. Rep., 1073; S. C. Id., 79; St. Louis, S. W. Ry. v. McCain, 80 Texas, 95.)

The uncontroverted evidence showed that as yard foreman Chambers had charge of the switching crew, that is, the engineer and fireman and the two switchmen with the engine, which was operated under his supervision and direction over about four miles of track, and that his business caused him to go from place to place in the yard and along the tracks in the performance of his duties. It was further undisputed that he was accustomed to ride on the footboard in performing his duties, and that the footboard was provided for him and other of the train crew to ride on. The evidence is not contradicted that it was a proper place for him to ride, and it is not attempted to be contradicted that Chambers was at the time he was injured properly on the footboard in the discharge of his duties. The most that can be said for the testimony that is intended to rebut this, is that it tends to show that it was not necessary for him to ride on the footboard in the sense that he could have ridden on some other part of the engine or cars or could possibly have walked. The evidence on this point was not such as to require the court to submit to the jury the issue as to whether Chambers was properly on the footboard in the discharge of his duties, so as to entitle him to recover if injured by the negligence of the appellant as charged. The evidence does not present the issue as to whether he was a mere licensee as in St. Louis S. W. Ry. v. Spivey (76 S. W. Rep., 748).

The instruction given by the court to the jury to disregard the reference made by counsel for appellee to the former trial, was sufficient, and it was not error to refuse the further special instruction asked by

appellant on this point. The bill of exceptions taken by appellant shows that counsel for appellant had previously referred in his remarks to the jury, to the previous trial, which to some extent excused the fault committed of appellees' counsel in doing so.

It only remains to consider the errors assigned in refusing to direct a verdict for defendant, and in overruling appellant's motion for a new trial.

It is insisted by appellant that there is no evidence to sustain the verdict, and that it is against the overwhelming preponderance of the evidence on the following issues:

1st. That the defects in the track alleged to have existed were obvious and open to Chambers.

2d. That it was his duty to repair the track.

3d. That he was fully aware of the defects in the track and of the danger.

Our conclusion, from a careful examination of the record is, that there was sufficient evidence to authorize a finding in favor of appellees upon each of these issues and upon all of the material issues in the case, and that such findings are not against the great preponderance of the evidence.

While it might appear that the track was obviously defective, there was no evidence that the danger in riding over it was obvious. Appellant's witness, Stunkel, superintendent, testifies that while every body knew the track was bad, he did not consider it dangerous; that there had never been an accident with it before, and that the sagging place in the track was not necessarily dangerous. The engine on which Chambers was riding was a small fifteen ton engine, and it was shown that appellant had been using, on this track, the previous week a large sixty ton engine with safety and without accident. Knowledge of the defects in the track did not carry with it any notice of the danger in riding over it on the engine. (Bailey, Master and Servant, 170, 177, 185; Texas & P. Ry. Co. v. Bradford, 66 Texas, 736; Galveston, H. & S. A. Ry. v. Lempe, 59 Texas, 23; St. Louis S. W. Ry. v. McCain, 80 Texas, 93; Wood, Master and Servant, secs. 355, 366; Blumenthal v. Craig, 81 Fed. Rep., 325.) It is further to be considered that the evidence tended to show that the accident was caused in part by the defective condition of the engine, the lateral motion of which caused it to "careen" when it struck the low places, throwing the footboard against the plank sidewalk.

It is insisted by appellant that the undisputed evidence fixes upon Chambers actual knowledge not only of the defect but of the danger of riding over the track on the footboard of the engine, and as a ground for this contention we are referred to the testimony of Tucker as to a similar accident which happened to him at the same place, while riding on the same engine. He testified that "one or two days before the accident, coming east on Bowie Street, I was riding on the footboard of the engine with Fred Chambers; the footboard caught the plank pavement and threw me in the middle of the track ahead of the engine. I then and there cautioned Fred E. Chambers and his crew against riding on the footboard of the engine on Bowie Street, and he cautioned his crew against so riding." Stunkel also testified that he went to see

Chambers after the accident and asked him how it happened, and Chambers told him that he was doing just what he had told his boys not to do, riding on the footboard. As to Tucker's testimony it was conclusively shown that Chambers was killed on Monday, July 20, and that during the entire previous week this engine was not used at all, but that in its place a sixty ton Santa Fe engine was used, which went out of service at 12 o'clock Saturday night, July 18, so Tucker could not have been riding on the footboard of the defective engine at the time stated by him, or within a week of that time. None of the train crew appear to have ever heard of this accident, or to have ever been warned as stated by Tucker. Stunkel, witness for appellant, and its superintendent, testified that they had never had an accident with this track before; that he knew the condition of the track, but knew it was safe, and that "if the big engine went over it without trouble the little engine ought to fly over it without trouble." In the state of the testimony, Chambers's mouth being closed, we can not say that the jury was required to believe this testimony about the accident to Tucker under the eyes of Chambers, merely because no witness specifically denies it. (Gulf, C. & S. F. Ry. v. Haden, 68 S. W. Rep., 532; International & G. N. Ry. v. Johnson, 55 S. W. Rep., 791.)

The charge of the court required the jury to find that Chambers had no knowledge of the risk. Evidently in arriving at their verdict they discredited this testimony referred to. They were the exclusive judges of the credibility of the witnesses, and had a right to do so. It does not appear to us unreasonable that they should have done so in view of all the evidence.

The charge of the court fairly submitted to the jury all of the material issues, and the verdict appears to us to be fully supported by the evidence.

We find no errors in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.