### DOLSONS, Inc., v. SHERIDAN STOVE MFG. CO. (No. 6860.)

(Court of Civil Appeals of Texas. Galveston. May 7, 1915.)

**1. APPEAL AND ERROR &copy;=>560 — RECORD — STATEMENT OF FACTS.**

A statement of facts on appeal must be in narrative form, and must not consist of questions and answers as taken by the official stenographer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2490–2493; Dec. Dig. &copy;=>560.]

**2. APPEAL AND ERROR &copy;=>559 — RECORD — STATEMENT OF FACTS.**

A statement of facts, which contains excluded testimony, objections of counsel thereto, and arguments upon objections urged, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2483–2489; Dec. Dig. &copy;=>559.]

**3. JUDGES &copy;=>56 — DISQUALIFICATION — EFFECT—TIME OF TAKING PROCEEDINGS—EXTENSION OF TIME.**

An order extending the time for filing the statement of facts and bills of exception on appeal, made by a judge who is disqualified to sit on account of having represented one of the parties in the action, is void.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 235–245; Dec. Dig. &copy;=>56.]

**4. APPEAL AND ERROR &copy;=>742—RECORD ON APPEAL—BRIEFS.**

Rules 31 and 39 of the Court of Civil Appeals (142 S. W. xiii), providing that a brief statement shall be subjoined to each proposition in the brief, with a reference to the pages of the record, and that the appeal may be dismissed for failure to file proper briefs, are not

complied with by a mere reference to the pages of the transcript, without any further statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by the Sheridan Stove Manufacturing Company against Dolsons, Incorporated. From a judgment for plaintiff, defendant appeals. Affirmed.

Wilson & Webb, of Galveston, for appellant. King & Hughes, of Galveston, for appellee.

LANE, J. Appellee brought this suit against appellant, Dolsons, Incorporated, to recover $828.49, the purchase price for certain stoves alleged to have been sold and delivered by appellee to appellant. Appellant admits the purchase and price to be paid, but alleges that the stoves were not such as appellee represented and warranted them to be; that after it had sold some of said stoves, $316.20 worth, it discovered that said stoves were not such as it bought, and not fit for its trade; that thereupon it stored the remainder of said stoves, since the 18th day of November, 1911; that such storage was and is worth $5 per month; that it paid out $151.20 for freight and $15 for drayage on said stoves; that it tenders the stoves still unsold back to plaintiff, and prays for $30.28 balance due it, after deducting the $316.20 for which it sold a part of said stoves. Appellee by supplemental petition denied all the material allegations of appellant's answer. The case was tried before a jury. After both parties had introduced their evidence, respectively, upon motion of plaintiff, the court instructed a verdict for plaintiff for the sum sued for, and verdict and judgment was rendered and entered accordingly.

On October 5, 1914, in due time, appellee filed its motion to strike out appellant's bill of exceptions and the purported statement of facts filed in this court in this case. The reasons assigned why said statement of facts should be stricken out are: First, because said statement is in question and answer form, and not in narrative, as required by law, and is not an agreed statement of facts; second, because said statement contains a great mass of matter which should not be included in a statement of facts, consisting of excluded testimony, exceptions, objections, and argument of attorneys, which should never be included in a statement of facts; third, because at the time the trial judge approved said statement he was in the state of California, and without the jurisdiction of the state of Texas, and therefore had no authority to judicially approve said statement as a statement of facts in this case.

[1] We sustain appellee's motion to strike out the statement of facts upon the first and second grounds urged. A statement of facts must not consist of questions and answers as taken down by the official stenographer, but must be in narrative form. See Oppermann v. Petri, 107 S. W. 1142; Pugh v. Pugh, 167 S. W. 313; Railway Co. v. Quinn, 100 S. W. 1036.

[2] This court will not consider a statement of facts which contains excluded testimony, objections of counsel thereto, and the various arguments of counsel upon objections urged. Pugh v. Pugh, 167 S. W. 313; Howard v. McBee, 138 S. W. 450.

[3] For the reasons stated, we sustain the motion of appellee to strike out the statement of facts filed herein. We also sustain appellee's motion to strike out and not consider appellant's bills of exception incorporated in the transcript. In the order overruling appellant's motion for new trial the court allowed appellant 60 days after adjournment of court in which to file statement of facts and bills of exception. The trial court adjourned on the 12th day of June, 1914. On July 30, 1914, G. Q. McCracken, in the absence of the regular judge, was duly and legally elected and qualified as special county judge. On the 11th day of August, 1914, the said special judge entered an order attempting to give appellant 30 days additional time, after the expiration of the 60 days first allowed, in which to file statement of facts and bills of exception; but it is shown by the record that Special Judge McCracken was the attorney who filed appellant's original petition in this case and had been counsel in the case, though not such counsel at the time the order was entered, and therefore disqualified to enter an order in the cause (see article 1736, Revised Statutes 1911), and therefore the order entered by said special judge, attempting to extend the time for filing statement of facts and bills of exception, was void, and did not have the effect to extend such time beyond the 60 days allowed in the order overruling the motion for new trial, which expired on the 12th day of August, 1914. Appellant's bills of exception were not filed until September 3, 1914, after the time legally allowed for such filing had expired; therefore we must sustain appellee's motion, and strike out and refuse to consider appellant's bills of exception.

[4] Appellant, in its brief, presents eight assignments of error, but as such assignments and propositions thereunder are not followed by any statement, but only refer the court to pages of the transcript for information, none of them can be considered. This is in direct violation of rule 31 for the Courts of Civil Appeals, 142 S. W. xiii, and rule 39 for Courts of Civil Appeals, 142 S. W. xiii. These rules are not complied with by a mere reference to the pages of the transcript, without any further statement. Kirby Lumber Co. v. Chambers, 41 Tex. Civ. App. 632, 95 S. W. 607.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

But, should we conclude to overlook appellant's failure to file proper briefs, still we are unable to review any of appellant's assignments in the absence of a statement of facts and bills of exception, as each and all of them relate to proceedings of the trial court, which can be reviewed only by reference to a statement of the facts proven or to bills of exception.

In the absence of a statement of facts and bills of exception, we must presume that the evidence was sufficient to support the judgment entered by the trial court. Therefore the judgment of the court below is affirmed.

Affirmed.