## TEXAS & N. O. R. CO. v. DAVIDSON.
### (No. 1938.)

Court of Civil Appeals of Texas. Beaumont. Jan. 30, 1930.

A. T. Russell, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J. This suit was filed in justice court by appellee against appellant for $150 damages as the value of a cow killed by appellant. Appellee also pleaded for $20 attorney's fees. Upon trial in that court, judgment was rendered in appellee's favor for $40. Appellant filed motion for new trial, which was overruled, and appellee, not being satisfied with the judgment, appealed to county court, where, upon trial to a jury, judgment was rendered in his favor for $90. The costs of the justice court were taxed against appellee, and costs of the county court against appellant. Appellant filed a motion for new trial and to retax costs, praying that the costs of the county court be taxed against appellee. He answered, contesting appellant's motion, and prayed that the costs of the justice court be taxed against appellant. All motions were overruled, to which appellant excepted and gave notice of appeal to, this court, and filed appeal bond, as required by law. Appellant has briefed only the assignments against the refusal of the trial court to tax the costs of the county court against appellee. Appellee has filed cross-assignments complaining of the refusal of the trial court to tax the costs of the justice court against appellant.

■ The statement of facts filed herein is wholly in question and answer form, and must therefore be stricken. Under article 2239 (Rev. St.) the statement of facts must be reduced to narrative form, and must not consist of questions and answers, as taken by the official stenographer. Dolsons v. Sheridan Stove Mfg. Co. (Tex. Civ. App.) 178 S. W. 663. Without a statement of facts, appellant's assignments cannot be reviewed. However, it is not improper to say that we have carefully reviewed the statement of facts, and, if considered, the trial court's conclusions against appellant's theory of the case have support.

■ Appellee's cross-assignments must be sustained. Article 2065, Rev. St., provides: "If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such party shall recover the costs of both courts." Article 2066 provides: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than is provided in this chapter." Under this last article, a court may for good cause shown, to be stated in the record, adjudge the costs otherwise than as provided

In article 2065. But, unless the record discloses "good cause," the costs must be taxed as provided by the last cited article. The trial court, in taxing the costs of the justice court against appellee, gave no reason for his action. If there was "good cause" to support this ruling of the court, it was not "stated in the record." It was, therefore, erroneous to so adjudge the costs. Perry v. Rogers, 52 Tex. Civ. App. 594, 114 S. W. 897, 900.

Affirmed in part, and in part reversed and rendered.