**COLQUITT et al. v. SHELL et al.**

No. 2189.

Court of Civil Appeals of Texas. Waco.

Jan. 4, 1940.

J. S. Callicutt, of Corsicana, for appellants.

Richard & A. P. Mays, of Corsicana, for appellees.

TIREY, Justice.

The Corsicana Hospital & Clinic, a corporation, on April 25, 1938, filed suit in the Justice Court of Navarro County against Pierce Colquitt and O. B. Colquitt for professional and other services rendered to said defendants for the sum of $117 that matured on August 23, 1937, and for interest. Said corporation recovered judgment by default for the sum of $117, with interest from January 1, 1938, at the rate of 6% per annum, together with all costs of suit. On appeal to the county court the defendants filed plea in abatement in which they set up that the Corsicana Hospital & Clinic, a corporation, had been dissolved and asked that the suit be abated and dismissed. Thereupon W. T. Shell, Mrs. W. T. Shell

and William T. Shell, Jr., with leave of the court, filed their first amended original petition in this cause and prosecuted the suit in the place and stead of Corsicana Hospital & Clinic and for its benefit, said pleading set up they were and are the directors of said corporation and as such owned the obligation sued on as trustees for the use and benefit of the stockholders of said corporation. The case was tried before the court without the intervention of a jury and judgment was entered on the 28th day of November, 1938, in favor of appellees against the defendants and the sureties on the appeal bond for the sum of $117, together with interest thereon from 'that date at the rate of 6% per annum. There is no statement of facts.

█ Complaint is made by appellants that the trial court erred in its failure to sustain their motion to abate and dismiss the suit. This contention cannot be sustained. See Revised Statutes, Art. 1388–1891; Abilene Steam Laundry Co. v. Shackelford, Tex.Civ.App., 284 S.W. 622; 1 Tex.Jur. p. 145, sec. 105; 11 Tex.Jur. p. 137, sec. 471.

█ Appellants seasonably filed their motion to adjudge and tax all costs of suit incurred in the county court in Navarro county against appellees because the judgment recovered in the county court in Navarro county was for a less sum than that recovered in the Justice court. Appellants' motion was duly considered by the trial court and overruled without any reason having been given therefor and this action by the trial court is assigned as error. This assignment must be sustained. In the case of Heidenheimer v. Ellis, 67 Tex. 426, 3 S.W. 666, 667, Judge Gaines said: "Interest cannot be allowed eo nomine unless especially provided for by statute; but in many instances it may be assessed as damages, when necessary to indemnify a party for an injury inflicted by his adversary, though the statute be silent upon the subject." Article 5070, Revised Statutes, provides as follows: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first

day of January after the same are made." In the case of McDaniel v. National Steam Laundry Co., 112 Tex. 54, 244 S.W. 135, at page 137, the Commission of Appeals said: "The Texas courts have held that an implied agreement to pay for services in looking after pasture, fences, and caring for stock, as well as commissions claimed to be due a real estate broker, was not an open account within the statute. Myers v. Grantham (Tex.Civ.App.) 187 S.W. 532. They have further held that an amount due for board and wages for working in a gin; items of freight paid for another; money advanced under a contract; a physician's bill for professional services; claims for damages accomplished by loss or destruction of goods; for removing and appropriating cross-ties; for services as a train conductor; for money due a lawyer for professional services are not open accounts within the meaning of our statutes."

Under the above authorities, we think it is clear that the subject matter of this suit was not an open account within the meaning of Article 5070 of our Revised Statutes and therefore appellees could not recover interest eo nomine as a matter of law from January 1, 1938. Therefore, the interest recovered in the judgment in the Justice court was part of the amount in controversy, and the judgment recovered in the county court was less than the amount recovered in the Justice court and, under Articles 2065 and 2066 of our Revised Statutes, the appellants were entitled as a matter of law to recover judgment for all costs incurred in the county court in the absence of some good cause stated on the record. See Texas & N. O. R. Co. v. Davidson, Tex.Civ.App., 24 S.W.2d 75, point 2. It has been repeatedly held that "an improper adjudication of the costs is a substantive error which affects the principal judgment itself, and is not merely a collateral matter to be determined independently of the litigation in which the judgment is rendered." Nail v. Wolfe City National Bank, Tex.Civ.App., 158 S.W. 1166, 1167, writ dismissed.

The judgment of the county court will be reformed and the costs incurred in the county court will be taxed against the appellees as well as the costs incurred by this appeal, and as reformed, the judgment of the trial court is in all things affirmed.