**PAGE et al. v. KEY.**

No. 2409.

Court of Civil Appeals of Texas. Eastland.

Oct. 8, 1943.

Rehearing Denied Nov. 12, 1943.

Vickers & Campbell, of Lubbock, for appellants.

Carl Rountree, of Lamesa, for appellee.

GRISSOM, Justice.

Prior to filing this suit Holland Page, Henry Coffield and George Jones, plaintiffs, and C. W. Key, defendant, had been engaged, as partners, in operating a rock quarry. Plaintiffs had purchased the 200 acres of land on which the rock quarry was situated and paid the purchase price of $12,500. At the time of the purchase Key had the land leased for the purpose of mining rock and operating a rock quarry and was then engaged in that business. Plaintiffs instituted this suit to obtain judgment for a two-thirds interest in the land and for an accounting of the partnership affairs theretofore existing between them. Plaintiffs alleged that Page owned a one-third, Coffield and Jones one-third and defendant one-third interest in said land; that Key was the sole grantee named in the deed. Plaintiffs alleged that it was agreed that plaintiffs would advance the purchase price of the land; that in the sale of rock and gravel produced from the 200 acres a "royalty" charge of 10 cents per cubic yard was to be made, to be placed in the "Land Purchasing Account"; that said account was to be credited with this royalty until the purchase price had been collected, which was then to be paid to plaintiffs to reimburse them. Plaintiffs further alleged that after the completion of a certain contract it was contemplated by the parties that "a sufficient profit would have accumulated by virtue of such operation and by virtue of the retained royalty, that the parties would have realized a net profit from such operation, as well as would have the land, either paid for in full or a substantial payment made thereon." That said "Land Purchase Account" was due a credit for royalty on rock sold by defendant which would leave a balance of $3,716.25 unpaid on the purchase price of the land; that defendant had collected money from the sale of rock for the account of the joint enterprise but had not delivered the full amount collected to plaintiffs' general accounting office, as agreed; that defendant claimed to have incurred operating expenses which he had paid but that he had not furnished plaintiffs with a statement thereof; that the deed conveying the 200 acres to Key had not been placed of record but had been held by plaintiffs; that the defendant had refused to execute a deed conveying to plaintiffs their two-thirds interest in the land. In addition to an injunction, the plaintiffs prayed for an accounting of defendant's operation of the quarry; that, if defendant failed to pay into the registry of the court the amount found due plaintiffs, they have judgment fixing a lien against the land for such amount; that the Court vest in plaintiffs a two-thirds undivided interest and title to the land; that the Court decree that defendant is entitled to a one-third interest therein "subject, however, and to be charged with a lien against such interest * * * for the full amount of the funds * * * due plaintiffs for the defendant's remaining unpaid share of the cost of such land and subject further and charged with a lien in favor of the plaintiffs for any sum or sums which might be found due the plaintiffs upon such accounting and which shall not be paid into the registry of this court by the defendant and that the court provide for a foreclosure of such liens to satisfy the sum or sums which shall be found due said plaintiffs both for the defendant's unpaid share of the purchase price of said land and for the balance or balances remaining due the plaintiffs upon said accounting in event such funds are not forthwith deposited in the registry of this court; * * * *" and for general relief.

The trial was to the Court. The Court denied defendant any recovery on his cross-action and rendered judgment for plaintiffs for $5,140.06 and provided that said amount was to be paid from the sale of rock from defendant's one-third interest from the quarry, or income otherwise received from defendant's one-third interest in the land, or the proceeds of the sale of defendant's interest in the land, and "that said recovery shall be limited to same * * *". The Court fixed a lien on defendant's interest in the land to secure payment of the judgment. Plaintiffs have appealed.

Plaintiffs' first point is that the Court erred in denying plaintiffs an execution against other property of the defendant

to satisfy a deficiency if the proceeds of the sale of defendant's interest in the 200 acres of land proves insufficient to pay the judgment. Plaintiffs say that it affirmatively appears from the record that defendant owes them the amount of the judgment, and that plaintiffs were not obligated to accept defendant's interest in the land as the sole source from which they can collect their judgment. In support of point one they cite only the following authorities: Articles 2217 and 2218, Vernon's Ann.Civ.St., Texas R. C. P. 308 and 309 and Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025, 96 A.L.R. 836.

No motion for new trial was filed. No findings of fact nor conclusions of law were requested. Some facts found by the Court are stated in the judgment.

 We have carefully read the pleadings and the entire statement of facts in an effort to ascertain the theory upon which the cause was tried and the judgment rendered. The trial court concluded that the understanding between plaintiffs and defendant in the purchase of the land was that there was to be no personal liability of the defendant for payment of his proportionate share of the purchase price of the land; that it was understood that the purchase price paid by plaintiffs was to be "repaid to them out of the sale of rock or other income from said land." (The Court so found in the judgment.) The Court apparently concluded that plaintiffs did not try their case upon the theory that they were either entitled to or were seeking a personal judgment against defendant, but, on the contrary, were seeking only to subject defendant's interest in the land to payment of the amount shown due plaintiffs upon the accounting. We have concluded that the record is susceptible to such interpretation. To illustrate, Mr. Coffield, one of the plaintiffs, was asked what the agreement was, at the time they purchased the land, as to the operation of the quarry and as to how the parties were going to pay for the land. He answered that it was going to be operated for their mutual benefit, and "the land which we had put the money up for would be paid for by royal-ties on rock taken out of that property * * *." Plaintiffs' pleadings are susceptible to the construction that plaintiffs only sought to establish the amount of defendant's debt and to fix a lien on his interest in the land to secure payment thereof, in the event defendant did not forthwith pay such sum into the registry of the Court. In other words, it appears that the trial court awarded plaintiffs all the relief plainly sought by the pleadings and justified by the evidence. Under such circumstances we are unable to say that the Court erred in so limiting plaintiffs' recovery.

 Plaintiffs' second point presents the contention that the Court erred in taxing two-thirds of the costs against plaintiffs, although they were the successful parties to the suit. This point is sustained. Texas R. C. P. 131 provides "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Texas R. C. P. 141 provides "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." It is evident plaintiffs were the successful parties. The cause for adjudging two-thirds of the costs against plaintiffs is not stated in the record. In determining whether good cause exists for adjudging costs against a successful party an appellate court is confined to consideration of the reason stated by the trial judge in the record. Since plaintiffs were the successful parties and no reason is "stated on the record" why part of the costs were adjudged against them, this point must be sustained. J. I. Case Threshing Machine Co. v. Manes, Tex.Com.App., 254 S.W. 929, 932; Norwood v. Taylor County, Tex.Civ. App., 93 S.W.2d 573, 575; Colquitt v. Shell, Tex.Civ.App., 135 S.W.2d 544, 545; Stewart v. Baker, Tex.Civ.App., 108 S.W.2d 946, 947; Clark v. Turner, Tex.Civ.App., 92 S.W.2d 511, 514. If this error had been plainly pointed out to the trial court by motion for new trial, or otherwise, in all probability it would have been corrected.

The judgment is reformed by taxing the costs of the trial court against defendant; as so reformed, it is affirmed.