# Hehn *versus* Hehn.

One who voluntarily expends money in the support of a lunatic, without a contract either express or implied with the committee of the lunatic, cannot recover for such expenditure either against the committee or the lunatic.

ERROR to the Common Pleas of *Berks county*.

This was a *scire facias* to January Term, 1852, in the name of Hannah Hehn, who sued by her committee, Daniel Wenrick, to revive a judgment against Daniel Hehn, entered on 15th November, 1834.

Hannah Hehn, in 1812, was declared a lunatic, and John Klapp was appointed her committee. He died about the year 1850, and Daniel Wenrick was appointed in his stead. Daniel Hehn was indebted to Hannah Hehn in the principal sum of $2757.35, for which judgment was entered on 15th November, 1834. He had before that time provided for the support of Hannah, the lunatic, and his claims were settled when the judgment was entered.

On this *scire facias* he claimed to be allowed for her subsequent maintenance, &c., the amount of interest on the judgment, and also the interest on a further sum of $880, due to her estate by John Klapp, the former committee.

Offer was made to prove that Klapp, in 1834, said he would allow the defendant for keeping the lunatic the interest of all of her money. Also to prove *that her keeping was worth more than the interest, and what it was worth.*

No objection was taken to proving that Klapp agreed to allow

the interest on the whole of the money; but evidence of the additional matter was objected to, and such evidence was overruled, and exception was taken.

The Court charged that the plaintiff, being willing that the defendant be allowed the amount of interest on *his* own judgment, the jury might render a verdict for the principal sum.

The overruling of the evidence and the charge as applicable to it, were assigned for error.

In the 21st section of the Act of 13th June, 1836, relating to lunatics and habitual drunkards, it is provided that " If the *income* of the estate of such person shall not be sufficient for such purposes aforesaid (viz. payment of debts, &c., and maintenance), it shall be lawful for the committee aforesaid, *under the directions of the court,* to apply so much of the principal of the personal estate as shall be necessary for the purpose."

*Hoffman* and *Banks*, for plaintiff in error.

*Strong*, with whom was *D. F. Gordon*, for defendant in error.— It was stated that in 1834, when judgment was obtained against Daniel Hehn for his bond for $2757, the interest on it was allowed for the former maintenance of the lunatic, &c. On this trial no objection was made to the defendant's proving an agreement with the committee as to the compensation for maintenance of the lunatic. He was not entitled to an allowance without proof of such a contract. But even such a contract might not be binding, though the committee might be bound personally : 16 *Ser. & R.* 242.

Reference was made to the Act of 1836. The effect of the offer was to reduce *the principal* of the bonds.

The opinion of the Court was delivered by

KNOX, J.—One who voluntarily expends money in the support of a lunatic, cannot recover for such expenditure, either against the committee or the lunatic. There must be a contract, either express or implied, upon which to found the action. One in the custody of the law, as a lunatic, cannot make an express contract, and the law will imply none.

By the 20th section of the Act of 1836, relating to lunatics and habitual drunkards, the committee may expend the income of a lunatic's estate for the purposes of maintenance, but if more is required it can only be had upon application to the Court of Common Pleas.

The rejected evidence in the case before us would not, if received, have proved an express contract; and from the testimony of John Eckert, the most that the jury could have been permitted

[Hehn *v.* Hehn.]

to find was, that the allowance made in 1834 was to be continued during the time that the lunàtic remained with Daniel Hehn, the defendant. This was allowed him, and beyond it he had no legal claim.

Judgment affirmed.