## WILLIAM LEIGH v. BYRD LINTHECUM.

The 12th section of the statute of limitation reads as follows: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justice of the claim, made subsequent to the time it became due, shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing, and signed by the party to be charged thereby." (Paschal's Dig., Art. 4617 *a*, Note 1027 *a*.)

If the new promise be conditional, or depends upon facts to be settled, the plaintiff must prove a compliance with such condition, or the happening of the events upon which he relies. And if the promise is based upon a settlement of accounts between the parties, he must aver and prove such settlement or the true state of the accounts.

ERROR from Rusk. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

This suit was brought by the plaintiff in error against

the defendant in error, upon a note executed by the latter to the former, on the 8th February, 1841, and upon a supposed acknowledgment of the justice of and promise to pay the claim, made on 15th March, 1854. The suit was instituted on 1st March, 1858. The acknowledgment relied on to take the claim out of the statute of limitation was contained in a letter written by the defendant to one James J. Peters, and is in the following language, viz:

"You said something about a note you have of William Lee's. You are apprized I have an offset of six bales of cotton, besides account for hauling. When I see you we will adjust the matter, and whatever is due on the note I will pay."

The defendant demurred to the petition, and specially excepted, first, that the acknowledgment was not sufficient to take the demand out of the operation of the statute of limitation; second, that the acknowledgment was conditional and contingent; third, that the demand was barred by the statute of limitation of four years. He also plead the general issue, and substantially the same matters as those embraced in his exceptions.

The only evidence adduced upon the trial was the note and letter above mentioned, and an acknowledgment of the defendant that the note described in the petition is that referred to in the letter from the defendant to Peters. At the spring term, 1859, of the district court of Rusk, the parties waived a jury, and submitted the case upon the law and facts to the court. The court gave judgment for the defendant, and the plaintiff brought this writ of error.

*Armstrong & Parsons*, for plaintiff in error.—The statute of limitation is the only question in this case.

We think it clear, that the acknowledgment contained in this letter brings this case within the scope of the true intent and meaning of the 12th section of the act of 5th February, 1841, (O. & W. Dig., Art. 1453,) and within the

rule laid down in the cases of Webber v. Cochrane, 4 Tex.,
31, and Coles v. Kelsey, 2 Tex., 541, and consequently
takes the case out of the operation of the statute of limi-
tation.

No form of words is necessary to create an acknowledg-
ment of this kind, (Story on Cont., § 1015 *a*,) nor is it
necessary that any specific sum should be acknowledged
to be due. (Story on Cont., § 1014.)

*William Stedman*, for defendant in error.—It is well set-
tled, that an acknowledgment of the justice of a demand,
to have the effect to take a case out of the operation of the
statute of limitation, "must contain an unqualified admis-
sion of a subsisting indebtedness." "It must show posi-
tively that the debt is due, either wholly or in part, and
must be unqualified." (Smith v. Fly, 24 Tex., 353; Mitch-
ell v. Clay, 8 Tex., 443.) The case of Sutton v. Burrass,
10 Leigh, (Va.,) 381, is a very strong one.

DONLEY, J.—This action may be held as being founded
on the letter of the 15th of March, 1854, the note of 1841
constituting the consideration for the promise contained
in the letter, (Coles v. Kelsey, 2 Tex., 541–552,) and
the plaintiff must recover, if at all, upon the promise
contained in that letter. The letter contains an offer to
adjust the matter when the defendant should see the attor-
ney of the plaintiff, to whom the letter is addressed, and a
promise to pay whatever is due on the note; the defend-
ant claiming that he held a set-off against the note for
cotton and for hauling. In the view we take of this case,
it is not necessary to determine whether the plaintiff should
have offered to settle and adjust the business between de-
fendant and himself, for the purpose of ascertaining what
was due from plaintiff on the note, after allowing to him
credit for the six bales of cotton, and such sum as was due
by the plaintiff to defendant for hauling. The letter might

be held as an offer or proposition, on the part of the defendant to the plaintiff, to settle the matters, and an agreement to pay whatever should be found to be due. If it be held a proposition to pay what should be due plaintiff, if he would make a settlement with and adjust the accounts between them, and a promise to pay what should be ascertained on such settlement to be due from defendant to the plaintiff on such "settlement," the settlement, or offer to settle and adjust the business between the parties would be necessary to give the plaintiff a cause of action on such agreement. (Bell v. Morrison, 1 Pet., 368; Bush v. Barnard, 8 Johns., 408; Kampshall v. Goodman, 6 McLean, 189; Shitler v. Bremer, 23 Pa., 415.)

If the letter may be held as an agreement to pay such amount as may be due on the note, after allowing the credits to which the defendant is entitled, and which are alluded to in the letter of the defendant, it devolves on the plaintiff to show the amount of those credits. By this means he shows the amount which the defendant agreed to pay. The promise is not to pay the money specified in the note, but a part only of that amount. The plaintiff must establish his demand to entitle him to judgment. The note and letter are links in the chain of evidence, but alone are insufficient to authorize a judgment against the defendant for any amount. If the letter may be held as an agreement to pay a part of the note of 1841, yet it is wholly insufficient to show what part of the note was left unpaid, after allowing the credits to which the defendant was entitled. A party who avers that he holds a legal demand against another must sustain the averment by testimony legally sufficient to warrant the court in rendering judgment in his favor, or fail in his action. The evidence does not show that the plaintiff is entitled to a verdict against the defendant for any amount whatever. There is no error in the judgment, and it is

AFFIRMED.