## A. ROBERTSON v. JOHN H. WARREN.

### Decided March 20, 1907.

**1.—Limitation—New Promise—Breach.**

A promise in a letter by the maker of a note to pay any balance remaining due after the proceeds of certain land sales were credited on the note, interrupted the running of the statute of limitation, and the statute would not begin to run again until the land was sold and the balance ascertained.

**2.—Accord and Satisfaction.**

An agreement by the payee of a note to take a sum less than the amount due in full satisfaction of the same, provided the payor would make certain payments at certain times, becomes null and void upon failure of the payor to comply with his part of the agreement, and the original contract evidenced by the note remains in force.

**3.—Brief—"Statement."**

References in a brief to the record for the facts pertaining to an assignment of error do not furnish the "statement" required by the rules.

**4.—Letter—Explanation.**

Where a letter written by the maker of a note was plain and clear and required no explanation it was not error to exclude his testimony as to what his intention was in writing the same.

**5.—Market Value—Evidence.**

The defendant by his pleading and evidence having raised the issue whether or not certain property brought its market value it was proper to admit evidence tending to show the reason for the depreciated market value.

Error from the Forty-fifth District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Paschal & Ryan,* for plaintiff in error.—The original suit was filed January 22, 1903, and the amended original petition declared upon the letter of date April 2, 1898, as the basis of plaintiff's suit, which said letter contains the following language: "It is my purpose to effect the payment of some $6,000 to you due on my agreement with you relative to the liquidation of the Price note." Said letter of April 2, 1898, referred to the agreement of May 9, 1896, which superseded the promissory note for $13,500 and did not purport to renew the said note, and created a variance between the proof and pleading in that plaintiff plead one cause of action and proved another; therefore judgment should have been rendered for the defendant. Galveston, H. & S. A. Ry. v. Scott, 18 Texas Civ. App., 324; Hall v. Jackson, 3 Texas, 311; Cooper v. Loughlin, 75 Texas, 524.

*Swearingen & Tayloe* and *Davis & McFarland,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This is a suit on a promissory note given by plaintiff in error John R. Price and R. R. Price to defendant in error for $13,500, on September 28, 1892, and payable one year after date. This suit was instituted on January 22, 1903, and the amended petition, on which the cause was tried, was filed December 27, 1904. It is alleged in the last named pleading that the note was protested for nonpayment on October 2, 1893. A contract in renewal of the contract evidenced by the original note was alleged in the petition, the same being contained in a letter in which defendant in error was authorized by plaintiff in error to sell certain property, and agreeing to pay any balance remaining due on the debt. The suit as to John R. Price and R. R. Price was dismissed and plaintiff in error answered by general and special exceptions and pleas of limitation. The cause was tried without the intervention of a jury and judgment was rendered for defendant in error in the sum of $4,763.50.

On September 28, 1892, J. A. Robertson, John R. Price and R. R. Price executed to John H. Warren, "Cashier of Oskaloosa, Ia.," a promissory note for $13,500, due one year after date, with interest at 8 percent per annum. On October 2, 1893, the note was protested for nonpayment, and on December 12, 1893, time of payment was extended for one year from September 28, 1893. Several payments on the note were made, one on that date and the others thereafter, the last being of date June 24, 1899. Defendant in error placed in evidence the following letter written to him by plaintiff in error:

"Monterey, N. L., April 2, 1898.

"Mr. J. H. Warren, Oskaloosa, Iowa.

"Dear Sir: Herewith I hand you letter to Mr. E. G. McGilton, Omaha, Neb. Mr. McGilton is my attorney-in-fact at Omaha, and I have instructed him to convey to you my property in that city, and which is more fully described as the 'McGavock Warehouse Property.'

"I attach herewith letters from Mr. McGilton dated November 9, 1897, and March 2, 1898—copy of my telegram to Messrs. McCabe, McGilton & Rath, dated April 1, 1898, and the original of their reply of the same date. Also letters from G. H. Ten Broek, dated September 15, 1897, and September 21, 1897; all bearing upon the property in question.

"In conveying this property to you, it is my purpose to effect the payment of some six thousand dollars to you due on my agreement with you relative to the liquidation of the Price note.

"In furtherance of our conversation, it is my understanding that you will take charge of the property and dispose of same for the purpose above named, with the understanding that all surplus over and above your debt will be accounted for to me. I do not wish to place any restrictions upon you in the sale of the property, leaving it entirely to your good judgment to obtain the best price you can, consistent with your interests. Any balance remaining due you I agree to pay.

"You can rely upon the courteous treatment of Mr. McGilton and his firm, who I am sure will render you every assistance possible in the matter.

"I also beg to hand you a letter of introduction to Dr. W. B. Taylor, secretary and treasurer of the Globe Loan & Trust Company, of Omaha. Mr. Taylor is a gentleman well versed in real estate matters in Omaha, and can no doubt aid in an early disposal of the property.

Very sincerely yours,

J. A. Robertson."

The property referred to was sold by defendant in error on June 22, 1899, and net amount received was credited on the note.

The agreement to pay any balance remaining after the proceeds of the land sale were credited on the note, could not have been breached until that time, and consequently no cause of action took place until the sale was made and the balance ascertained, and the claim was not barred, therefore, until four years from June 22, 1899, the date of the sale. The suit was begun on January 22, 1903, less than four years after the cause of action accrued. But it is contended by plaintiff in error that

the amended petition sets up a new and different cause of action from the one declared on in the original petition, but the last named pleading is not contained in the record and this court can not determine the question raised. The presumption would obtain, under the state of the record, that the amended petition did not allege a new cause of action. The amended pleadings set up a good cause of action.

There was no attempt to show that plaintiff in error owed defendant in error any other debt than that evidenced by the note for $13,500 and the letter must be held to have reference to that debt, and it was a clear acknowledgment of the debt. (Howard v. Windom, 86 Texas, 560; Clayton v. Watkins (Texas Civ. App.), 47 S. W. Rep., 810; Martin v. Somervell County (Texas Civ. App.), 52 S. W. Rep., 556; Burnett v. Munger (Texas Civ. App.), 56 S. W. Rep., 103; Acers v. Acers, 22 Texas Civ. App., 587.)

There was an agreement made between the parties on May 9, 1896, wherein it was agreed that defendant in error would accept $8,500 in full payment of the note, said sum to be paid in certain amounts at certain periods. It was agreed that the note for $13,500 should remain in the hands of defendant in error and it was provided: "In case said second party shall fail to make the payments as agreed, then this agreement to be void and of no binding force, except that the payments that have been made and credited on the note shall remain." There was default in the payments, and by the very terms of the agreement it became null and void. There is nothing in the letter that refers to that agreement and it was not sought by that letter to revive the agreement. The letter revived the original note and not the agreement of May 9, 1896. That was a dead agreement, and it could not be revived by plaintiff in error. What has been written disposes of the first seven assignments of error.

The statement under the eighth assignment of error fails to set out the testimony objected to, or even the substance of the same. References to the record do not furnish the statement required by the rules. It may be said, however, that the testimony set out in that part of the record referred to does not sustain the assignment of error.

The court did not err in excluding the testimony of plaintiff in error as to what his intention was in writing the letter on which the cause of action was based. The letter was plain and clear and required no explanation.

There is no merit in the twelfth assignment. There was an issue as to whether the property sold by defendant in error brought its market value, and it was proper to allow evidence tending to show the reason for the depreciated market value. Plaintiff introduced evidence as to the market value of the property and raised the issue thereby, as well as in his pleadings. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

This suit is founded upon the letter, hereinbefore copied, in which plaintiff in error admitted that he owed appellee "some six thousand dollars" and by reference either to the original note or the subsequent agreement the sum is fixed after the credits are entered at six thousand

dollars for which defendant in error sued. It is a matter then of no importance whatever, whether plaintiff in error intended to admit that he owed six thousand dollars on the note, or the after agreement, it was an admission of that much indebtedness, the balance of which, after the proceeds of the land being credited on it, plaintiff bound himself to pay. There is no claim that all payments were not credited.

It was not necessary to set out the agreement of May 9, 1896, because the suit was necessarily based on the letter that made a promise to pay what remained due on a debt of $6,000, after the proceeds from the sale of the land had been credited on it. That debt was the same that was evidenced by both note and agreement. It was, as expressed by plaintiff in error, what was due "relative to the liquidation of the Price note," the only debt owed by him to defendant in error.

The new promise in the letter was relied on by defendant in error, and was properly declared on by him, under numerous decisions of the Supreme Court. (Coles v. Kelsey, 2 Texas, 541; State v. Williams, 14 Texas, 102; Grayson v. Taylor, 14 Texas, 675; Leigh v. Lincecum, 30 Texas, 100; Riggs v. Hanrick, 59 Texas, 573; Heish v. Adams, 81 Texas, 97.)

In the absence of any evidence as to what was in the original petition we must presume that it also declared on the contract to pay contained in the letter. The cause of action on the promise to pay the balance of the debt after the sale of the property, accrued on June 22, 1899, and the suit was begun on January 22, 1903, less than four years thereafter. The motion for rehearing is overruled.

*Overruled.*