## GOLDSTEIN v. SAUR.

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1913.)

1. BANKRUPTCY (§ 434*) — ACTION ON NEW PROMISE—EVIDENCE—ADMISSIBILITY.

A plaintiff suing on a debt due prior to defendant being adjudged a bankrupt, based on the fact that subsequent to the adjudication and prior to the discharge defendant made a new promise in writing to pay the debt, may prove that the instrument relied on to constitute the promise could refer to no other debt than the one sued on, and he could prove that the debt sued on was the only one due from plaintiff at the time of the making of the instrument.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 853–866; Dec. Dig. § 434.*]

2. BANKRUPTCY (§ 434*)—NEW PROMISE—SUFFICIENCY.

A written promise to pay a debt due from a bankrupt, made subsequent to his being adjudged a bankrupt, but prior to his discharge, need not describe the debt, where there is only one debt and the promise must have referred to it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 853–866; Dec. Dig. § 434.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

3. BANKRUPTCY (§ 434\*) — PROMISE TO PAY DEBT—VALIDITY.

A promise in writing by a bankrupt executed subsequent to his being adjudged a bankrupt, but prior to his discharge, which states that the creditor will get all the bankrupt owes him, and that the bankrupt understands that the creditor would prefer money than promises, yet the bankrupt is not able at the present time to make a cash payment and asks the creditor to be patient, is a clear, distinct, and unconditional promise to pay the debt, and the creditor may recover.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 853–866; Dec. Dig. § 434.\*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Carl Saur against E. M. Goldstein. From a judgment for plaintiff, defendant appeals. Affirmed.

C. C. Todd, of San Antonio, for appellant. Hertzberg, Barrett & Kercheville, of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant on a debt for $400, alleging that said debt was due prior to appellant being adjudged a bankrupt, but subsequent to such adjudication and prior to his discharge appellant made a new promise, in writing, to pay said debt, thereby waiving his discharge in bankruptcy. Appellant excepted to the plea setting up the written promise on the ground that the writing relied upon was not an express, clear, and unequivocal promise to pay the debt, which exception was overruled, and upon the trial, no jury being demanded, the court rendered judgment for appellee, from which this appeal was taken.

[1] Appellant contends that the court erred in permitting appellee to testify that the amount listed in the bankruptcy court was the only amount due appellee by appellant at the time the letter was written, which was relied upon as the promise to pay. The objection made to the testimony was that plaintiff's pleadings contained no allegation upon which said question could be founded. The original petition contained the allegation that "defendant made a new promise to pay the debt of plaintiff." It was certainly admissible to prove that the letter relied upon could have referred to no other debt than the one sued upon, and to do so it was proper to prove that the debt sued upon was the only one due plaintiff by defendant at the time the letter was written. Browne v. French, 3 Tex. Civ. App. 453, 22 S. W. 581.

[2, 3] It is also contended that the court erred in refusing to sustain the exception to the written promise pleaded by plaintiff. The promise reads as follows: "I believed meantime to make you a part payment which at present is absolutely impossible for me. As I told you before, you will get all I owe you, although I understand that you would like better to have money than promises as I am not able right now to make you a cash payment. Please be patient a little longer and you will see that the confidence you put in me was not in vain." The debt sued upon was the one referred to by appellant. It is not necessary that the debt should be described, when, as is shown by the evidence, there is only one debt and the promise must have referred thereto. Browne v. French, supra; Mitchell v. Clay, 8 Tex. 443; Robertson v. Warren, 45 Tex. Civ. App. 584, 100 S. W. 805. He tells appellee, "You will get all I owe you," and himself construes the statement as a promise by stating in the same breath that he understands appellee would rather have money than promises, and also makes clear his intention to express the idea that appellee will get the money by appellant making payment thereof, as he proceeds to inform appellee that he is unable to make a cash payment right then. The promise is express, clear, distinct, and unequivocal.

It is contended, however, that the promise was made upon the implied condition of ability to pay, and, as plaintiff failed to allege and prove defendant's ability to pay the debt, he cannot recover. There is a conflict in the decisions as to whether a promise to pay a debt barred by limitation or bankruptcy proceedings, which expressly states that payment will be made as soon as promisor is able, is conditional. Benton v. Benton, 78 Kan. 366, 97 Pac. 378, 27 L. R. A. (N. S.) 300, 130 Am. St. Rep. 376. Our courts, in line with the weight of authority, hold that such promises are conditional. Rowlet v. Lane, 43 Tex. 275; also, Wright v. Bank, 31 Tex. Civ. App. 406, 72 S. W. 103, and cases therein cited. But in this case we are asked to go further, and to hold that even though the debtor did not protect himself by stating that his promise was to be performed in a certain event or under certain circumstances, still, as he stated his inability to pay at the time, we should imply that his promise to pay was conditional, and to be performed only upon his becoming able to pay. While we find a few cases, not accessible to us, cited under Benton v. Benton, as apparently holding that statements merely of inability to pay constitute a condition to pay when able, we find no Texas case so holding, and we are of the opinion that when a promise to pay is made, as in this case, the mere fact that it is coupled with statements of inability to pay at the time, expressions of regret on account thereof, and of hope of being able to pay in a little while, such promise is not a conditional one. Walker v. Freeman, 208 Ill. 17, 70 N. E. 598; Vogelsang v. Taylor, 80 S. W. 637; Acers v. Acers, 56 S. W. 198. To so hold would amount to deciding that no promise to pay a debt barred by limitation or bankruptcy proceedings would be unconditional, if coupled with a statement that the debtor was unable to pay at the time.

Judgment affirmed.