WITTLIFF v. TUCKER et al.  (No. 8074.)

(Court of Civil Appeals of Texas. Dallas. Jan. 4, 1919. On Motion to Reverse and Render, Feb. 15, 1919.)

1. INSURANCE ⬤⟹668(3)—LIFE INSURANCE—DELIVERY OF POLICIES—QUESTION FOR JURY.

In suit on note given for first year's premium on life policies issued to defendants, question of delivery of policies through a bank to defendants *held* for jury under evidence.

2. APPEAL AND ERROR ⬤⟹742(4)—STATEMENT UNDER ASSIGNMENT OF ERROR—ADMISSION OF EVIDENCE.

Where court is simply left to presume that exceptions were taken to admission of evidence complained of, and that proper bills were prepared, approved, and filed, in such condition of brief appellant is not entitled to have ruling complained of reviewed.

On Motion to Reverse and Render.

3. INSURANCE ⬤⟹136(2)—LIFE INSURANCE—DELIVERY OF POLICIES.

Contract of life insurance was not complete without delivery of policies to insured, and delivery to a bank was not a delivery to insured, unless they agreed to or instructed such delivery.

4. APPEAL AND ERROR ⬤⟹742(5) — BRIEFS — STATEMENT UNDER ASSIGNMENT OF ERROR.

Statement under third assignment of error, "same as under first assignment of error," which asserted court erred in instructing to find for defendants, *held* not in compliance with rules as to briefing, statement under first assignment covering four pages of typewritten brief, and including nearly all testimony.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. APPEAL AND ERROR ⟨⟩499(3)—QUESTIONS REVIEWABLE—BILLS OF EXCEPTION —EXCLUSION OF EVIDENCE.**

Bills of exception not disclosing specific ground of objection, if any, urged to introduction in evidence of each particular receipt offered, merely reciting court excluded each receipt from evidence, and plaintiff appellant duly excepted, *held* insufficient to authorize review of rulings.

Appeal from Navarro County Court; M. E. Taylor, Judge.

Suit by H. A. Wittliff against S. S. Tucker and others. From a judgment for defendants, plaintiff appeals. Reversed, and cause remanded.

Dexter Hamilton, of Corsicana, for appellant.

Hawkins Scarborough, of Corsicana, for appellees.

,TALBOT, J. The appellant sued the appellees in the justice court on a promissory note for the sum of $100.85, alleged to have been given for the first year's premium on life insurance issued to appellees. The appellees pleaded a general denial and failure of consideration in that the policies were never delivered. A trial in the justice court resulted in a verdict and judgment for the appellees, and appellant appealed to the county court. In the county court a jury was impaneled to try the case, and at the conclusion of the evidence the court peremptorily instructed the jury to return a verdict in favor if the appellees. Appellant filed a motion for a new trial, which was overruled, and he appealed to this court.

[1] Whether the delivery of the policies to the appellees became an issue of fact under the evidence for the determination of the jury, is the question to be decided. If the question should receive an affirmative answer, the trial court erred in taking the case from the jury.

The undisputed evidence shows that the appellees, on July 31, 1914, made application in writing to the insurance company for the issuance of policies of insurance upon their respective lives, and executed the note sued on for the first year's premium. These applications and the note were delivered to the appellant, Wittliff, as agent of said company and by him forwarded to the company. Each of said applications recited that the "business address" of the applicant was Corsicana, Texas, care First National," and each contains a provision to the effect that the policy therein applied for shall not take effect until the application has been accepted by the insurance company at its office in Dallas, Tex., and the first premium shall have been paid, accepted by the company, or its authorized agent, and the policies delivered to the insured, all during his lifetime and continued good health. The applications were

duly approved and accepted by the insurance company, and the policies therein applied for were issued. The note sued on was also accepted by the insurance company in payment of the first annual premiums due on the policies. Appellant became and was at the time this suit was instituted the owner of said note. When the insurance policies in question were issued they were sent to the First National Bank of Corsicana for appellees. The evidence was sharply conflicting as to whether or not the appellees personally instructed the agent of the insurance company taking the applications for the insurance to deliver the insurance policy to the First National Bank of Corsicana for the appellees.

Both appellees testified no such instruction was given. The appellant, however, testified: The policies were delivered to the First National Bank at Corsicana, Tex., within 30 days from the date of issuance. The insurance company did not at any time decline to deliver the policies for which note was given. The delivery of the policies was made in compliance with the instructions of the defendants. The delivery was made to the First National Bank at Corsicana, Tex. Such delivery was made by instructions of the Tuckers (appellees) as per instructions on the writing of the business; they both stated that they used the First National Bank for all their business dealings, and that their premiums would always be paid through the First National Bank of Corsicana. This witness further testified:

"At the time the defendants, W. H. Tucker and S. S. Tucker, instructed me to leave the insurance policies at the First National Bank, I was at Drane; no one was present at the time except the Tuckers and myself."

In addition to the testimony of the appellant it appears that Wilmott Townsend, collector and bookkeeper of the First National Bank of Corsicana, testified, in substance, that he remembered the bank receiving the policies of insurance in question; that he saw the appellees in the bank and mentioned the fact to them, and that they said just keep them there in the vault.

As has been seen, the suit was upon a promissory note executed and delivered by the appellees to cover the first premium due on life insurance policies, and the only defense was failure of consideration by reason of the nondelivery of said policies. The trial court took the view that this defense was conclusively established by the evidence, and instructed a verdict for the appellees. This we think was error. While the evidence was conflicting, it was sufficient to authorize a finding that the insurance policies issued upon the lives of the appellees were according to agreement of the parties or by instruction of the appellees left with the First National Bank of Corsicana, Tex., for appellees.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

If they were, then delivery on the part of the company was complete, regardless of the failure of the appellees to call for the policies or want of actual knowledge on their part that they were there. "To authorize the court to take the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." Such was not, in our opinion, the character of the evidence in this case, and the trial court erred in directing a verdict for appellees.

[2] There is an assignment of error complaining of the exclusion of certain receipts offered in evidence by the appellant. In briefing this assignment it is not pointed out that bills of exception were reserved to the court's ruling in including this evidence. The assignment of error is that "the court erred in excluding from evidence the following described receipts." Then follows a description of the receipts, but no reference is made to any bill or bills of exception taken to the action of the court, nor does it appear that any exception whatever was taken to the court's ruling. We are simply left to presume that exceptions were taken, and that proper bills were prepared, approved, and filed. In this condition of the brief appellant is not entitled to have the ruling complained of reviewed.

The judgment is reversed, and the cause remanded.

### On Motion to Reverse and Render.

[3] Appellant's second assignment of error is as follows:

"The facts of the case prove a complete contract and delivery of the insurance policies for which the notes sued upon was given, there being, under all the facts, a delivery in law."

It is asserted that we erred in "ignoring" this assignment. This assertion is evidently made upon the assumption that the assignment was ignored because it is not stated and discussed specifically in our original opinion. The question raised by the assignment is effectually disposed of by what we said in the discussion and disposition made of the first assignment of error. That we reversed and remanded the case for a new trial upon the ground that the evidence did not conclusively show a "complete contract and delivery of the policy" is manifest, we think, from what is said in our original opinion. The contract was not complete, without a delivery of the policies to appellees, and a delivery of them to the First National Bank at Corsicana would not constitute a delivery to appellees unless they agreed to or instructed such a delivery. Whether the policies were left at the bank mentioned by agreement of the parties or in compliance with instructions given appellant by the appellees was, as pointed out in the original opinion,

an issuable fact for the determination, and the judgment of the court below was reversed because that court withdrew the question from the jury and directed a verdict in favor of appellees.

[4] Our refusal to consider the third assignment of error is clearly supported by decisions of the appellate courts of this state. In briefing that assignment the statement made under it does not comply with the rules. The only statement made is: "Same as under first assignment of error." The first assignment of error asserts that the trial court erred in instructing the jury to find "for the defendants." The statement thereunder covers about four pages of the typewritten brief, and includes the greater portion, if not practically all, of the testimony in the case. To find out whether or not the bill of exceptions, claimed to have been reserved to the court's refusal to allow the introduction of the evidence referred to in the third assignment of error, was quoted or the substance thereof stated in the statement under the latter assignment would require at the hands of this court an examination of the entire statement. Such an examination is not imposed upon us by the rules. However, we have looked at that statement, and all we find, which appears under the second proposition advanced under the first assignment of error, relating to the matter under consideration, is that—

"The plaintiff offered in evidence various receipts for insurance premiums, which were excluded by the court. The plaintiff excepted to the action of the court in each case when the court excluded such receipts." Transcript, pp. 20 to 25.

In a long line of decisions it has been held that an assignment of error, followed by no statement except a reference to different parts of the record, is not in compliance with the rules, and will not be reviewed. Bayne v. Denny, 21 Tex. Civ. App. 435, 52 S. W. 983; Kirby Lumber Co. v. Chambers, 41 Tex. Civ. App. 632, 95 S. W. 607; Carlisle v. Gibbs, 44 Tex. Civ. App. 189, 98 S. W. 192; Robertson v. Warren, 45 Tex. Civ. App. 584, 100 S. W. 805; Railway Co. v. Powell, 51 Tex. Civ. App. 409, 112 S. W. 697. Many other cases to the same effect could be cited, but we deem it unnecessary to do so.

[5] There appears in the statement made under the second assignment of error what purports to be copies of the material parts of the bills of exceptions in question; but in the statement under the third assignment of error we are not even referred to that part of the brief to ascertain that such bills were reserved. If, however, we were authorized or disposed to waive the insufficiency of the statement under the third assignment of error, we find upon examination of said bills of exceptions, during our consideration of this motion, which are six in number, that neither of them discloses the ground of objection, if any, urged to the introduction in evidence of the receipt offered each bill, simply reciting

in this regard that "the court excluded said receipt from evidence, and the plaintiff then and there in open court duly excepted to the action of the court in excluding the same." What the particular objection was, or whether only a general objection was made, does not appear. Neither does the ground upon which the trial court excluded the receipts appear. That such bills of exceptions are insufficient to authorize a review of the court's rulings is well established. Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781; Railway Co. v. Jarrell (writ of error refused) 38 Tex. Civ. App. 425, 86 S. W. 632.

The motion for a rehearing and prayer to reverse and render judgment in this court in favor of appellant is overruled.

---

⬤⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes