Estate of Margaret Flanagan, Respondent, vs. Estate of John Flanagan, Appellant.

*May 31—June 25, 1919.*

*Executors and administrators: Claims against decedents: Witnesses: Transactions with deceased: Conversations with third persons: Satisfaction of mortgage: Parol evidence: Limitation of actions: Findings of jury: Review on appeal: Harmless error: Clerical mistake.*

1. In an action by a wife against her husband's estate, issues as to whether plaintiff's father gave her a note and mortgage executed by her husband, whether she loaned him money, and whether he had paid her, are, considering the relationship of the parties, peculiarly questions of fact on which the jury's findings, if sustained by the evidence, will not be disturbed.
2. The satisfaction of a mortgage, like an ordinary receipt, is open to explanation by parol evidence, and can thus be impeached.
3. Declarations of a wife in her husband's presence to the effect that her father had given her a note and mortgage executed by her husband, were not transactions or communications with a deceased person within the meaning of the statutes, and were properly admitted in evidence in an action on the note and mortgage by the wife against the estate of the husband.

4. A daughter interested in her mother's estate can testify in an action by that estate against her father's estate to conversations between her mother and father in which she did not participate.

5. Where the mortgagee gave the note and mortgage before maturity to his daughter, the wife of the mortgagor, she was not subrogated to her father's rights, but became her husband's creditor as much as though she had purchased the mortgage, and hence the statute of limitations would not become operative between them.

6. A clerical error of the court in mistaking the name of claimant's brother in the special verdict is *held* not to have misled the jury, and was properly corrected by the court after verdict.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming an allowance made by the county court of Fond du Lac county.

This action was brought by Margaret Flanagan, Sr., to secure payment of claims against her husband's estate. Recovery is sought on a note of $3,000, with interest, and the sum of $1,000, with interest, which she claims to have loaned to her husband, John Flanagan, deceased. Margaret Flanagan, Sr., died after filing the claim and before the trial of this action. At the time of the trial in circuit court, Margaret Flanagan, Jr., was administratrix of the estate of John Flanagan, deceased, and executrix of the last will and testament of Margaret Flanagan, Sr.

It is the claim of the plaintiff that John Flanagan borrowed from Patrick Hoey, father of Margaret Flanagan, Sr., the sum of $3,000 on February 21, 1878, and that to evidence the obligation John Flanagan made, executed, and delivered to Patrick Hoey his promissory note for this amount, and that to secure payment of the note John Flanagan delivered to Patrick Hoey a mortgage covering certain real estate in the town of Osceola, in the county of Fond du Lac. This mortgage was recorded on or about the 6th day of March, 1878, in the register of deeds' office in Fond du Lac county. It is alleged that prior to March 8, 1880, Pat-

Flanagan's Estate v. Flanagan's Estate, 169 Wis. 537.

rick Hoey, father of Margaret Flanagan, Sr., made a gift of this note and mortgage to her and that no part of the principal and no interest was paid.   No written assignment of this note and mortgage was given by Hoey to his daughter, Margaret Flanagan, Sr.   She claims that while the note and mortgage were owned by her, her husband, John Flanagan, procured the satisfaction of the lien of said mortgage upon the lands described therein, and that this satisfaction was recorded in the register of deeds' office in Fond du Lac county about March 8, 1880.   It is alleged that the note and mortgages were taken and held by John Flanagan, deceased, and were either lost or destroyed, but that he held them in trust for Margaret, his wife, and was truly indebted to her therefor.   For a second claim against the husband's estate plaintiff asks for the sum of $1,000 which it is claimed was given to Margaret Flanagan, Sr., by her brother, Thomas Hoey, nineteen years previous to this action, and which it is alleged she loaned to John Flanagan and which remains unpaid.

Answer to the claim was made by John McGalloway, guardian *ad litem* for Margaret Flanagan, Jr., who sets up as a bar to the claim the statute of limitations.

The case was tried before the court and a jury.   By a special verdict the jury found that Patrick Hoey, in March, 1880, gave to Margaret Flanagan, Sr., the $3,000 note and mortgage he held against John Flanagan; that the amount of the note was never paid by John Flanagan to Margaret Flanagan; that John Flanagan received from Margaret Flanagan the $1,000 received by her from the estate of her brother, Thomas Hoey; that it was agreed between the Flanagans that the sum should be repaid to the wife by the husband; that this sum was never repaid to the wife.

Judgment was entered allowing a claim of $6,171.66 and costs.   This is an appeal from such judgment.

For the appellant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

*L. J. Fellenz* of Fond du Lac, for the respondent.

SIEBECKER, J.   It is urged that the evidence adduced does not sustain the following findings of the jury: (1) that Patrick Hoey, father of Margaret Flanagan, Sr., made her a gift of the $3,000 note executed by John Flanagan in his lifetime to evidence a loan made to him by Patrick Hoey in February, 1878, and which was secured by a mortgage on the farm owned by John Flanagan at the time the note was given; (2) that John Flanagan borrowed from his wife, Margaret, the $1,000 she inherited from her brother, Thomas Hoey; and (3) that John Flanagan agreed to repay this sum to his wife, and did not repay her before his death.

The evidence on these issues is too voluminous to be restated here.   The record contains the evidence of a number of witnesses to the effect that John Flanagan admitted his indebtedness to his wife for the amount of the note and the $1,000 she received from her brother, Thomas, and it is clearly to the effect that he did not repay any part of these sums to his wife.   It is contended that the satisfaction of the mortgage executed by Hoey shows payment of the $3,000 note.   The facts and circumstances testified to by the witness Gaffney, and other evidence adduced, concerning the giving and execution of this satisfaction, present a state of facts regarding the intent and purpose of the parties respecting the execution and delivery of the satisfaction and the continued existence of the debt thereafter which raised an issue that called for trial thereof by a jury.   The record discloses that there was a controversy of long standing regarding this loan and the gift thereof by Hoey to his daughter, Margaret Flanagan, Sr.   This issue, in the light of the testimony and the relationship of the parties, is, in its nature, peculiarly within the field for determination by a jury.   An attentive reading and study of the testimony on the question of the gift of the note by Hoey to his daughter and of the loan of the $1,000 Margaret Flanagan, Sr., inherited from her brother, Thomas, has led us to the conclusion that the evidence amply sustains the findings of the jury on these

questions and hence cannot be disturbed on appeal by this court.    It is urged that Gaffney's testimony of the conversation between the husband and wife regarding the making of the gift of the note by Hoey to his daughter and his testimony regarding the giving of the satisfaction is not competent evidence on these issues and was improperly received.

The satisfaction in its nature operated as a receipt of payment and, like an ordinary receipt, is open to explanation by parol evidence and can thus be impeached.    It is considered that the trial court properly held that the verdict of the jury was warranted by the evidence on this point.    The appellant assails the ruling of the trial court admitting part of the evidence of Margaret Flanagan, Sr., and Margaret Flanagan, Jr., over objections to its competency, upon the ground that such evidence relates to transactions and communications by witness with the deceased persons under and through whom they claim their rights and interest in the money in question.    The statements of Margaret, Sr., do not include communications with her husband prohibited by the statute.    They were mere declarations in his presence of the fact that she was the holder of his note, which her father had given her, and are not transactions with her husband. As the circuit court held, the issue here involves no controversy between Margaret, Sr., and her father, and hence her statements in her husband's presence concerning the gift are not incompetent in this action against her husband, as tending to show that she owned this note under gift from her father.    Such conversations are not transactions with a deceased person within the meaning of the statutes.    So much of her deposition as the circuit court admitted in evidence was proper.

The exception urged to the reception of part of the testimony of Margaret, Jr., upon the same grounds, namely, that they pertain to and cover communications and transactions with her deceased father and mother, is not well taken because she took no part in nor influenced the conversations

referred to, though they took place within her hearing. The conversations offered in which she participated were properly excluded. We find no error in admitting this class of testimony, though some questions are on the border line between competent and incompetent evidence under the statute. It is considered that no error was committed by the admission of evidence over appellant's objections.

It is contended that the court erred in ruling that the statutes of limitation did not bar the claim of Margaret, Sr., on the note against her husband. This is urged on the ground that under the facts she became subrogated to the rights of the father respecting the loan and its payment, and, since the statute of limitations would bar recovery on the note in the hands of her father, the debt is likewise barred in her hands. We cannot accede to this contention as correct. When the note was transferred by gift from Hoey to his daughter, Margaret, she became as absolutely the creditor under the note as if she purchased it, and she therefore stood in the relationship of her husband's creditor in the law before the note was due, and she held it as a claim against him the same as if he had borrowed the money from her. It is conceded that the statute of limitations does not apply if the case is within the rule declared in *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681, and prior cases. The contention is that the rule of *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106, governs this case; it being there held that where the wife became subrogated to a claim held by a third party against her husband after the statute of limitations had commenced to run against the claim, the statute continues to run on the claim against the wife, and recovery will be barred thereon between husband and wife at the end of the limitation period. See, also, *Enwright v. Griffith, ante,* p. 284, 172 N. W. 156. The instant case is not of this class, but is like the case of *Brader v. Brader, supra,* in that the wife became the owner of the husband's debt before it was due and hence the statutes of limitation did not become operative between them. From this it follows that the statute of limita-

tions does not bar a recovery on the note nor for the $1,000 loan.

We are satisfied that the mere clerical error of the court in mistaking the name of claimant's brother as Patrick instead of Thomas in the verdict did not mislead the jury, and the court properly corrected it after verdict. The exceptions urged against the court's instructions have been examined and we find no error therein. The instructions embody a correct statement of the law applicable to the case.

*By the Court.*—The judgment is affirmed.