## NEBLETT v. ARMSTRONG.
### No. 1191—5532.

Commission of Appeals of Texas, Section B.
April 9, 1930.

Bryan, Stone, Wade & Agerton, of Fort Worth, and R. D. Wright and W. T. Neblett, Jr., both of Laredo, for plaintiff in error.

George W. Armstrong and R. C. Armstrong, Jr., both of Fort Worth, for defendant in error.

LEDDY, J.

A promissory note executed by defendant in error was discharged by bankruptcy proceedings unless the same was revived by a new promise made by him subsequent to his discharge. The promise relied upon to revive the debt was made in a letter written by defendant in error to the payee of the note, reading as follows: "You can count on getting a part of the money I owe you this fall. I can't yet say how much, but you are on the list to be paid first."

A debt discharged by bankruptcy proceedings is not a debt paid, as the moral obligation remains, and, under all the authorities, such obligation is held to be a sufficient consideration for a new promise. Collier on Bankruptcy (5th Ed.) p. 217; Brandenburg on Bankruptcy (3d Ed.) § 391. In other words, the creditor never having been paid, the debt is due in conscience, though discharged in law. Stern v. Bradner Smith & Co., 225 Ill. 430, 80 N. E. 307, 116 Am. St. Rep. 151.

Where a debt has been discharged by bankruptcy, the mere acknowledgment of same, or the expression of hope, desire, expectation, or intention to pay, is not sufficient to revive the same. Moore v. Trounstine, 126 Ga. 116, 54 S. E. 810, 7 Ann. Cas. 971; Shockey v. Mills, 71 Ind. 288, 36 Am. Rep. 196; Riggs v. Roberts, 85 N. C. 151, 39 Am. Rep. 692; Bowers v. Bowers, 26 Pa. 74, 67 Am. Dec. 398; Coe v. Rosene, 66 Wash. 73, 118 P. 881, 38 L. R. A. (N. S.) 577, Ann. Cas. 1913C, 742 and note.

The true rule as to when a discharged debt is revived is announced by the Supreme Court of the United States in Allen v. Ferguson, 18 Wall. 1, 3, 21 L. Ed. 854, wherein it is said: "All the authorities agree in this, that the promise made by which a discharged debt is revived must be clear, distinct, and unequivocal. It may be an absolute or a conditional promise, but in either case it must be unequivocal."

In the same case the distinction is drawn between the revival of a debt discharged by bankruptcy proceedings and the right to rely upon limitation against a debt discharged by the lapse of time. "In that case," says the court, "acts or declarations recognizing the existence of the debt have been held to take the case out of the statute. Not so in the class of cases we are considering. Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt. The payment of interest will not revive the liability to pay the principal nor is the expression of an intention to pay the debt sufficient. The question must be left to the jury with the instructions that a promise must be found by them before the debtor is bound."

The only portion of the language used by the debtor which is even susceptible of being construed as a promise to pay the note owing by him is the language "you are on the list to be paid first." This language must be interpreted in connection with that which precedes it. In the language preceding, the debtor has only promised to pay some indefinite portion of the debt. The priority in payment over other debts could only be fairly construed to refer to what he has previously obligated himself to pay; that is, the creditor would be paid at the time indicated the portion promised before payment should be made to others.

There is, in our opinion, no conflict in the holding by the Court of Civil Appeals in this case with the decision of the Court of Civil Appeals for the Third District in the case of Goldstein v. Saur, 162 S. W. 441, 442. In that case the promise relied upon to revive the debt was as follows: "I believed meantime to make you a part payment which at present is absolutely impossible for me. *As I told you before, you will get all I owe you*, although I understand that you would like better to have money than promises as I am not able right now to make you a cash payment. Please be patient a little longer and you will see that the confidence you put in me was not in vain."

think the language used by the debtor in the above case, "as I told you before you will get all I owe you," when followed by the expression in which he construes his own language as a promise, indicated a clear intention to bind himself to the payment of the debt. The construction placed by a man upon his own language constitutes the highest evidence of his intention. He knows better than any one else whether he intends by the language he has employed to bind himself by a promise to pay the debt.

We conclude the Court of Civil Appeals properly held in the above case that the promise made by the debtor was clear, distinct, and unequivocal, and was sufficient under the

rule laid down by the Supreme Court of the United States to revive the debt.

A similar conclusion is not justified in this case. Here the language relied upon to revive the debt is, to say the least, ambiguous; hence we are unable to say that the promise made by defendant in error to pay the note is clear, distinct, and unequivocal. This being true, the Court of Civil Appeals properly denied plaintiff in error a recovery upon the note.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.