### WARREN et al. v. SCHAWE.
### No. 9122.

Court of Civil Appeals of Texas. Austin.
June 3, 1942.

Rehearings Denied June 17, 1942.

416

Cofer & Cofer, of Austin, for appellants.

R. E. McKie, of San Marcos, for appellee.

BAUGH, Justice.

Appellants sued appellee on a promissory note alleged to be for the principal sum of $1,488, dated October 1, 1929, due October 1, 1930, bearing 8% interest from date, providing for 10% attorney's fees, executed by appellee and payable to Elmore Warren. They alleged that Elmore had given said note to his wife, Elizabeth Warren, on October 15, 1929, as her separate property; and that same had been lost or destroyed by fire. Appellee in addition to general demurrer, general denial, and special exceptions pleaded limitation and discharge in bankruptcy in 1931. As against these defenses, the appellants pleaded coverture of Elizabeth Warren as tolling the limitation statutes; and a new promise by appellee to pay same after his discharge in bankruptcy as reviving the debt. Trial was to a jury on special issues on April 15, 1940, all of which were answered in favor of the appellants. Appellants filed a motion for judgment on the verdict; and appellee a motion for judgment non obstante. The trial court took both motions under advisement until September 25, 1940, at which time he overruled appellants' motion, granted that of appellee, and rendered judgment that appellants take nothing; hence this appeal.

The appeal presents the following controlling questions:

1. Whether the provisions of the note were sufficiently proved to warrant a judgment thereon for appellants;

2. Whether the statutes of limitation were tolled as to the debt, both principal and interest; and

3. Whether there was such a promise to pay made by Schawe, after his discharge in bankruptcy, as to revive the debt.

Appellee first urges in support of the judgment that appellants failed to prove

by clear and satisfactory evidence the essential provisions of the lost note. This is clearly untenable. Appellee himself admitted that he executed the note for money borrowed from these negroes, formerly his tenants; that he delivered it to Elmore Warren, payee, and himself stated all of its essential provisions. There was no material dispute except as to the amount. Appellee's recollection was that the principal was $1,309; but three of the negroes testified that it was for $1,488 and the jury so found, which concludes that matter here.

It is also urged that the gift of the note by Elmore to his wife on October 15, 1929, found by the jury to have been made, was without consideration, was without written endorsement, transfer or assignment, and that she therefore took same subject to all defenses of limitation that could be urged against the named payee, Elmore Warren, her husband.

It is now settled that a husband may make a parol gift of such note to his wife without written endorsement. Brown v. Fore, Tex.Com.App., 12 S.W.2d 114, 63 A.L.R. 435; Goodrich v. First Nat. Bank, Tex.Civ.App., 70 S.W.2d 609, 612; 23 Tex. Jur., § 130, p. 160; 6 Tex.Jur., § 67, p. 670. The transfer and vesting of title thereto in a married woman as her separate property having been made prior to maturity, limitation did not run against her during coverture which admittedly continued uninterrupted thereafter. Art. 5535, R.C.S.1925; 28 Tex.Jur., § 138, p. 237. And this is true even though limitation would run against the husband had the transfer not been made. 37 C.J. 1017; and directly in point, Flanagan's Estate v. Flanagan's Estate, 169 Wis. 537, 173 N.W. 297. Such coverture tolls the limitation statutes whether the two-year or four-year statute be invoked. Vernon's Ann.Civ.St. arts. 5526, 5527.

Under these facts defenses against holders in due course under the Negotiable Instruments Act, Vernon's Ann.Civ.St. art. 5932 et seq., would have no application.

The next question presented relates to the sufficiency of the promise by Schawe, as testified to by appellants' witnesses, after the discharge in bankruptcy, to revive the debt. Both parties rely in the main, as did the trial court, on Neblett v. Armstrong, Tex.Com.App., 26 S.W.2d 166, 75 A.L.R. 577, which applied and approved the rule laid down in Allen & Co. v. Ferguson, 18 Wall. 1, 21 L.Ed. 854; and

in Goldstein v. Saur, Tex.Civ.App., 162 S. W. 441. That is, that in order to revive a discharged debt the promise must be clear, distinct and unequivocal. This does not mean that the proof of the promise relied on must be clear, distinct and unequivocal. As stated by quotation from Allen & Co. v. Ferguson in Neblett v. Armstrong [26 S.W.2d 167, 75 A.L.R. 577]: "Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression of the debtor of a clear intention to bind himself to the payment of the debt." The jury was asked in the instant case, "Do you find from a preponderance of the evidence that the defendant, Harry H. Schawe, after the adjudication in bankruptcy, did make a clear, distinct and unequivocal promise to pay the note in controversy?" with the explanation by the court that by these words was meant "the clear intention to bind himself to the payment of the debt." To this the jury answered, "Yes." No objection was made by appellee to this issue in any manner, nor to the burden of proof it imposed. A good portion of the statement of facts relates to this issue, consisting of the direct and cross examination of Schawe, and of Elmore and Elizabeth Warren and two of their sons. This testimony but presented a sharp conflict, not only as to any promise being made by Schawe, but also as to the times, places, and nature of such promises. Under proper instructions from the trial court as to the character of a promise that must be proven, and as to the burden of proving it, the jury found from the testimony of the negroes as a fact that Schawe did make such promise. Such finding was therefore binding upon the trial court and should not have been disregarded.

It is now well settled that in testing the sufficiency of a judgment for a defendant non obstante, as in instructing a verdict, only the competent evidence in favor of plaintiffs need be considered; and if that be sufficient to raise a jury issue, or sustain a jury finding, then it is error for the trial court to disregard it.

From the foregoing it is clear we think the trial court should, upon the jury findings, have rendered judgment thereon for appellants. We have concluded, however, that appellants were not entitled to judgment for interest on said note for the entire period. Though by gift, prior to maturity, the note became the separate

property of Elizabeth Warren; it now seems settled that interest from the wife's separate property, like rents and revenues therefrom, becomes community property; and as such would be subject to the four-year statute of limitation. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Chandler v. Alamo Mfg. Co., Tex.Civ.App., 140 S.W.2d 918; 23 Tex.Jur., § 103, p. 126, and cases cited.

Judgment of the trial court is therefore reversed and judgment here rendered in favor of appellants against appellee for the sum of $1,488, with interest thereon at the rate of 8% per annum from September 9, 1935, and 10% attorney's fees.

Reversed and rendered.