## GAY v. CHAMBERS.

### No. 11788.

Court of Civil Appeals of Texas. San Antonio.

Jan. 7, 1948.

Rehearing Denied Feb. 4, 1948.

Weatherly & Weatherly, of Falfurrias, for appellant.

Lloyd & Lloyd, of Alice, for appellee.

NORVELL, Justice.

Appellant's petition contained the following allegations:

"Defendant owes plaintiff $4,800 for the following reasons:

"On May 1, 1928, being then validly indebted to plaintiff for $2,500, defendant wrote, signed, and delivered to plaintiff, after defendant had been adjudged a bankrupt in the bankruptcy proceeding hereinafter alluded to, a document reading as follows:

" 'Brownsville, Texas, May 1st, 1928. This is to certify that I owe A. S. Gay of Brownsville $2500.00 which has been entered in my petition of Bankruptcy. If in case I am in a position after I am discharged from the Court at any time, it is my full intention to pay this amount in full. J. Corbett Chambers (Signed).' ·

"In so writing, signing, and delivering this document to plaintiff, it was and is defendant's intention, and construction of this document and transaction, thereby to bind himself to the payment of the debt so described."

Appellee excepted to the petition on the ground that the written instrument pleaded was not an enforcible contractual obligation. The exception was sustained by the trial court and upon appellant's refusal to amend the cause was dismissed.

 The ruling of the trial court must be sustained, unless it can be said that the instrument of writing set forth in the petition discloses a legally enforcible contract to pay the obligation mentioned therein. Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940. While no particular form of words need be used, there must be *a promise, undertaking or engagement expressed.* Herrington v. Davitt, 220 N.Y. 162, 115 N. E. 476, 1 A.L.R. 1700.

The pleaded circumstances surrounding the delivery of the written instrument do not aid appellant's case. This appeal turns upon the construction of the written instrument and the most that can be said is that appellant expressed in writing his hope, desire, expectation or intention to pay. This is not sufficient. Neblett v. Armstrong, Tex.Com.App., 26 S.W.2d 166, 75 A.L.R. 577. See also annotations following this case in the American Law Reports.

We regard the two Texas cases cited as controlling, and although appellant's brief contains an interesting discussion of numerous authorities dealing with various factual situations, we must omit discussion thereof. Rule 452, Texas Rules Civil Procedure.

The judgment is affirmed.