James S. FLEX, Appellant,

v.

HOUSTON BANK & TRUST COMPANY, Appellee.

No. 712.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 20, 1972.

Charles M. Bradshaw, Bradshaw, Foster & Lueders, Houston, for appellant.

Sandra K. Foster, Fulbright, Crooker & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

This is a suit on a promissory note. The defense asserted that the maker had been discharged of liability by order in a bankruptcy proceeding. The question to be decided is whether a certain letter agreement between the maker and payee effectively extended liability of the maker beyond the discharge in bankruptcy. The trial court, after a non-jury trial, rendered judgment for the payee for the balance due on the note, together with interest and attorney's fees. The maker has appealed. The trial court's judgment is affirmed.

The original note was executed by the appellant, James S. Flex, on August 1, 1963. It was payable to the order of appellee, Houston Bank & Trust Company (now Houston-Citizens Bank and Trust Company), in 45 days in the principal amount of $5,000, together with interest at 6 per cent per annum and with a 10% attorney's fee provision. On April 22, 1965 an extension agreement was made extending the maturity of the $4,500 unpaid principal balance for a period of 90 days thereafter. On May 27, 1965, Flex filed a petition in bankruptcy and the debt on the note was duly scheduled. On November 20, 1967 the bankruptcy court issued an order of discharge which admittedly would constitute a defense to this suit unless the letter agreement next noted avoided such defense.

The letter agreement in question was dated October 5, 1965—a date after the filing of the petition in bankruptcy by Flex and before the discharge order therein. It included the following language:

"I have agreed, and by these presents do unconditionally agree to pay to you the outstanding indebtedness owing on such promissory notes on or before six months from this date, together with interest on such amounts due at the rate of six percent (6%) per annum, from September 30, 1965 until paid, and I have agreed and do agree to pay such indebtedness together with accrued interest, on or before six months from this date, with the understanding that the note will be renewed on a basis that is agreeable to Houston Bank & Trust Company and myself."

The letter included a recital by Flex, "I do hereby admit my personal liability to you" on the note. By the letter Flex agreed that if he did not pay the note the payee "shall be free to enforce this agreement against me by suit . . .".

■ By his first point of error the appellant, Flex, contends that the October 5, 1965 letter agreement did not effectively revive the debt represented by the note in question because such letter did not create a legally enforceable agreement.

The principal authority upon which appellant relies is Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940 (1944). That was a suit on a note executed before the maker was discharged in a bankruptcy proceeding and provable in such proceeding. The payee alleged that the maker during the pendency of the bankruptcy proceeding orally agreed to pay it. The suit on the note, however, was not filed until more than two years after termination of the bankruptcy proceeding, so that the alleged liability on that oral promise to pay was barred by the two year statute of limitations. The payee also alleged other oral promises to pay made after the end of the bankruptcy proceeding, but the evidence failed to show that those oral promises were made on any specific date or dates.

Since the payee's evidence failed to show any agreement to revive the note, legally enforceable as against the maker's plea of limitation, the court held the maker not liable on the note. That holding is not applicable to this case. Here the promise to pay was in writing and suit was filed well within the four year period following its execution.

 Appellant argues that because of its language concerning renewal of the note the October 5, 1965 letter agreement was so indefinite as to the date of performance as not to be legally enforceable. We do not agree. In Goldstein v. Saur, 162 S.W. 441 (Tex.Civ.App.—San Antonio 1913, no writ) an agreement in much less formal and specific language was held to be sufficient to revive a discharged debt. That holding was cited with apparent approval in Neblett v. Armstrong, 26 S.W.2d 166 (Tex.Com.App.1930) and in Warren v. Schawe, 163 S.W.2d 415 (Tex.Civ.App.—Austin 1942, writ ref'd). Under the language here in question Flex may well have been entitled to a reasonable extension of time if he had requested such at or before the end of the six month period. Since he did not request an extension, his obligation to pay became fixed at the end of the six month period. See Davis v. Weaver, 27 S.W. 902 (Tex.Civ.App.1894).

By his second point of error appellant contends that the October 5, 1965 agreement did not effectively revive the debt represented by the note in question because such agreement, while it was executed after the filing of the petition in bankruptcy, it was executed before the debtor's discharge. That point is overruled. ". . . a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition and before the discharge as if made after the discharge . . .". Zavelo v. Reeves, 227 U.S. 625, 629–630, 33 S. Ct. 365, 367, 57 L.Ed. 676 (1913). See also Armstrong v. American Bank & Trust Co., 63 S.W.2d 906 (Tex.Civ.App.—Fort Worth

1933, writ ref'd, 123 Tex. 252, 70 S.W.2d 689 (1934)'; Goldstein v. Saur, supra.

The appellant in his third and final point argues that the trial court erred in allowing appellee a recovery of attorney's fees. That point is overruled. The note in question included an agreement to pay 10% attorney's fees if it was placed in the hands of an attorney for collection. Appellant's agreement, on October 5, 1965 to pay "the outstanding indebtedness" owing on such note was an agreement to pay in accordance with the attorney's fees provision therein.

Affirmed.